[No. 2951. Decided May 23, 1898.]

Alan R. Blackburn, *Appellant*, v. Washington Gold Mining Company *et al.*, *Respondents*.

BILL OF PARTICULARS — WHEN GRANTABLE.

The defendant is not entitled to a bill of particulars when its only office would be to make plaintiff disclose the specific evidence upon which he relies for a recovery.

Appeal from Superior Court, Spokane County.—Hon. Leander H. Prather, Judge. Reversed.

*Graves, Wolf & Graves*, and *A. J. Laughon*, for appellant:

It is not the office of a bill of particulars to apprise the defendant of plaintiff's evidence. It is the office of such a bill, however, to apprise them of the nature and extent of the cause of action, and that is its only office. We

submit that the only purpose of this application is to get from plaintiff the evidence he intends to use on the trial. This practice should be condemned. *Van Olinda v. Hall,* 31 N. Y. Supp. 495; *Morrill v. Kazis,* 40 N. Y. Supp. 954; *Roberts v. Cullen,* 16 N. Y. Supp. 517; *Newell v. Butler,* 38 Hun, 104; *Garfield v. Paris,* 96 U. S. (24 Law. ed.) 557. A party is not entitled to the particulars as a matter of course. He must make some showing of his inability to meet the allegations of the complaint, or that the particulars are without his knowledge, before he is entitled to the bill. *Wales Mfg. Co. v. Lazzaro,* 43 N. Y. Supp. 1110; *Carrillo v. Carrillo,* 6 N. Y. Supp. 305; *Sawyer v. Bennett,* 18 N. Y. Supp. 24.

*Jones, Voorhees & Voorhees, Feighan & Ludden,* and *Albert Allen,* for respondents:

The only question to be considered by this court is: Was the granting of the motion for a bill of particulars within the sound judicial discretion of the trial court? Bal. Code, § 4930; *Turner v. Great Northern Ry. Co.,* 15 Wash. 213 (55 Am. St. Rep. 883).

In the class of cases within which the case at bar falls, justice demands that the generality of the pleadings be so limited by a bill of particulars as to confine the proof to the particulars therein. *Jutsum v. Bricklayers', etc., Union,* 29 N. Y. Supp. 621; *Post Express Printing Co. v. Adams,* 8 N. Y. Supp. 276; *Williams v. Folsom,* 13 N. Y. Supp. 712.

The opinion of the court was delivered by

DUNBAR, J.—This was an action by the appellant Blackburn to obtain a decree that the Black Tail mineral claim, in Stevens county, state of Washington, was located by defendant Welty and plaintiff; that the location thereof,

while in Welty's name alone, was in pursuance of an agreement entered into between them, and that under such agreement plaintiff has a half interest in said claim; that the transfer of said mineral claim to the defendant Washington Gold Mining Company, respondent here, was made without consideration and with full notice and knowledge on the part of said defendant of plaintiff's rights therein. Defendants moved to require the plaintiff to state fully and in detail when the trustees and each of them received notice that plaintiff had, or claimed to have, an interest in and to the said Black Tail mineral claim, and state fully and in detail how such notice was given to said trustees and each of them, whether orally or in writing, and, if in writing, to set out a copy of said written notice, and, if orally, to state the contents and substance of said oral notice, and to state fully and in detail what person or persons gave notice to each of said trustees, and the times when and places where each of said trustees were given such notice. Plaintiff's counsel stated to the court at the time of the argument on such motion that he would be unable to comply therewith if it were granted, because the facts were not within the plaintiff's knowledge. The plaintiff also, upon the same day, but after the motion had been granted, filed the following affidavit:

"Alan R. Blackburn, being first duly sworn, upon his oath deposes and says: I am the plaintiff in the above entitled cause; I am unable to state how, where or when the trustees of the Washington Gold Mining Company obtained their knowledge that I own a one-half interest in the Black Tail mining claim, and am therefore unable to comply with the order of the court made herein."

Upon the granting of the motion and the refusal of the plaintiff to furnish the bill of particulars, the cause was dismissed, from which order an appeal was taken to this court.

It is insisted by the appellant that the motion was in effect one to make the complaint definite and certain, and by the respondents that it was one for a bill of particulars. We are inclined to think that the motion was intended to be treated, and should have been, as a bill of particulars. But in either event, we think the court erred in sustaining the motion. The complaint—if it be treated as a motion to make the complaint definite and certain —is already definite and certain as to the averment of knowledge on the part of the trustees; and if it is to be treated as a bill of particulars, which we think it should be, we think it goes beyond any case that has been reported and beyond the intention of the law. The office of a bill of particulars is thus defined on pages 519 and 520 of the third volume of the Encyclopoedia of Pleading and Practice:

" A bill of particulars does not set forth the cause of action or the ground of defense; these constitute the function of the original pleading. The chief office of a bill of particulars is to amplify a pleading and more minutely specify the claim or defense set up. Another object of a bill of particulars is to prevent surprise on the trial, by furnishing that information which a reasonable man would require respecting the matters against which he is called upon to defend himself; and by thus limiting the generality of the pleading its effect is to confine the proof to the particulars specified therein. It is well settled, however, that it is not the purpose or office of a bill of particulars to disclose the specific evidence upon which a party relies for recovery."

In this case, if the demand of the defendants were complied with, the pleadings would in no sense be amplified, nor would the claim or defense set up be any more minutely specified. The defense here is that the trustees of this company had notice. That claim or allegation is about as minutely specified as it could be. Neither would

it prevent surprise on the trial, for the defendants know exactly, under the allegations of this complaint, the question which is in issue. The only office it could have would be to disclose the specific evidence upon which the plaintiff relies for a recovery; and, as we have seen, by the law quoted above and which is well sustained by the authorities, this purpose will not be tolerated.

We think the court erred in granting the motion and the judgment is therefore reversed.

Scott, C. J., and Gordon and Reavis, JJ., concur.