(No. 4640.   July 9, 1927.)

INTERMOUNTAIN ASSOCIATION OF CREDIT MEN, a Corporation, Respondent, v. MILWAUKEE MECHANIC'S INSURANCE COMPANY, a Corporation, Appellant.

[258 Pac. 362.]

FIRE INSURANCE—PLEADING—DEMURRER OVERRULED—BILL OF PARTICULARS—REFUSAL TO REQUIRE BILL—ABUSE OF DISCRETION—TRIAL—WAIVER OF PROOF OF LOSS—RIGHT OF ASSIGNEE TO SUBMIT PROOF—RIGHT OF RECOVERY—APPEAL AND ERROR—EVIDENCE—HEARSAY TESTIMONY—PROPERTY COVERED BY POLICY—INTEREST ALLOWED.

1. Demurrer to complaint, in action on fire insurance policy, for uncertainty in that it could not be ascertained therefrom what property was destroyed, *held* properly overruled where complaint alleged furnishing of proof of loss pursuant to policy, since demurrer admitted furnishing proof of loss, which must be presumed to have been in accordance with requirements of policy as to particularity.

2. Ordinarily, in an action on insurance policy covering numerous separate articles, defendant is entitled to bill of particulars, especially where no separate items or values are set forth in complaint, and particularly where policy provided insured should furnish proof of loss and insurer should have access to books and records.

3. "Bill of particulars" is not for purpose of discovering evidence, nor to find what plaintiff knows, but what he claims.

4. Where complaint in action on fire insurance policy stated no particulars whatever of items, values or cost of property de-

stroyed, refusal of court to require bill of particulars constituted an abuse of discretion.

5. ·In action on fire insurance policy where plaintiff pleaded a long course in dealing by correspondence by which it claimed defendant had waived proof of loss, admission of letters should have been confined to such portion thereof as tended to establish waiver or to fix date from which to compute interest, particularly where defendant conceded that waiver was established and correspondence contained considerable hearsay, irrelevant and prejudicial matter.

6. Where plaintiff assignee suing on fire insurance policy alleged that it was suing as trustee for insured creditors and that plaintiff was creditor, which allegation was denied, it was not error to permit plaintiff to prove such matter as alleged. ·

7. Inability of assignee of insured to furnish books of account, inventories and record of stock destroyed does not, of itself, deprive it of right to recover on fire insurance policy, since loss may be established by any competent evidence.

8. In action on fire insurance policy, evidence of witness having assisted in inventory as to value of stock, stated by owner some 30 days before the fire, was hearsay and prejudicial.

9. Batteries *held* covered by fire insurance policy on stock of "automobile accessories," they being plainly within intention of policy as being appliances, extra parts or equipment of such stock.

10. Under C. S., sec. 2551, providing for allowance of interest on money after it becomes due, assignee of fire insurance policy was entitled to interest from date of insurer's letter denying liability, under policy providing for payment 60 days after satisfactory proof of loss.

Publisher's Note.
  3.   See 21 R. C. L. 480.
` 10.   See 14 R. C. L. 1313.

  See Appeal and Error, 4 C. J., sec. 2759, p. 801, n. 59; sec. 2981, p. 999, n. 16, 17.
  Evidence, 22 C. J., sec. 166, p. 199, n. 35; sec. 167, p. 199, n. 36.
  Fire Insurance, 26 C. J., sec. 89, p. 92, n. 92 New; sec. 480, p: 374, n. 43; sec. 715, p. 507, n. 21; sec. 718, p. 509, n. 54; sec. 747, p. 533, n. 98; sec. 795, p. 576, n. 95, 98.
  Parties, 30 Cyc., p. 78, n. 65, 66.
  Pleading, 31 Cyc., p. 333, n. 76, p. 565, n. 21, p. 566, n. 24, p. 571, n. 93, p. 578, n. 59.
  Trial, 38 Cyc., p. 1340, n. 97 New, 4.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

Action on fire insurance policy. Judgment for plaintiff. *Reversed and remanded.*

Martin & Martin, for Appellant.

Where the complaint fails to show the items making up an account, a bill of particulars should be furnished upon demand. (C. S., sec. 6709; 21 R. C. L., p. 480, sec. 43; *Miller v. Village of Mullan,* 17 Ida. 28, 19 Ann. Cas. 1107; 104 Pac. 660.)

A contract of insurance is a contract of indemnity only, upon the terms and conditions specified in the policy embodying the agreement of the parties. (4 Words & Phrases, pp. 3675, 3676.)

Interest is not allowable on an unliquidated claim and interest should only run from the date of the judgment. (*Marysville Merc. Co., Ltd., v. Home Fire Ins. Co.,* 21 Ida. 377, 121 Pac. 1026; *Southern Idaho Conference, etc., v. Hartford Fire Ins. Co.,* 31 Ida. 130, 169 Pac. 616; *Barrett v. Northern Pacific R. R. Co.,* 29 Ida. 139, 157 Pac. 1016; *Storey & Fawcett v. Nampa & Meridian Irr. Dist.,* 32 Ida. 713, 187 Pac. 946.)

B. W. Davis, for Respondent.

It was within the discretion of the court to require or not to require the bill of particulars to be furnished by the plaintiff. (*Blackburn v. Washington G. Min. Co.,* 19 Wash. 361, 53 Pac. 369; *Ingram v. Wishkah Broom Co.,* 35 Wash. 191, 77 Pac. 34; *Miller v. Village of Mullan,* 17 Ida. 28, 19 Ann. Cas. 1107, 104 Pac. 660; C. S., sec. 6709.)

Interest was properly allowed on the amount of the loss from the day of the fire. (*State v. Title Guaranty & Surety Co.,* 27 Ida. 752, 152 Pac. 189; *Lawrence & Son v. Merchants & Mechanics' Mut. Aid Soc.* (Mo. App.), 277 S. W.

588; *Olson v. Herman Farmer's Mut. Ins. Co.,* 187 Wis. 15, 203 N. W. 743; *Aetna Life Ins. Co. v. Wade,* 210 Ala. 170, 97 So. 636; *Baker v. Northern Assur. Co., Ltd.,* 214 Mich. 540, 183 N. W. 61; *Jensen v. Palatine Ins. Co.,* 81 Neb. 523, 116 N. W. 286; *Bernhard v. Rochester German Ins. Co.,* 79 Conn. 388, 8 Ann. Cas. 298, 65 Atl. 134.)

The value of the property destroyed was properly proven, plaintiff only being required to prove the loss by the best evidence obtainable, which was done. (*Livings v. Home Mutual Ins. Co.,* 50 Mich. 207, 15 N. W. 85; 14 R. C. L., Ins., 1301, 1304; 5 Joyce on Ins., secs. 3620, 3769, 3825 and cases cited; 26 C. J., Fire Ins., secs. 747, 748, 749, and cases cited; 2 Joyce on Ins., sec. 2306.)

The plaintiff was entitled to sue as assignee for the benefit of creditors or as trustee for creditors, the policy having been assigned. (5 Joyce on Insurance, sec. 2620.)

The letters introduced in evidence were properly admitted. (5 Joyce on Insurance, sec. 3825.)

TAYLOR, J.—Plaintiff brought this action as assignee of a fire insurance policy issued to one D. W. Long, to recover for a loss sustained by him by a fire December 26, 1921. This appeal is from a judgment for the full amount of the policy.

Appellant assigns numerous errors, some of which it will be unnecessary to discuss, some of which are not argued or in their support any authorities cited. Four assignments of error will be treated; (2) The overruling of a special demurrer for uncertainty; (2) the refusal of the court to require plaintiff to furnish a bill of particulars; (3) errors in the admission of evidence; (4) error in an instruction that interest should be allowed from the date of the fire.

[1] Appellant demurred upon two grounds of uncertainty, only one of which is argued, to wit: that it cannot be ascertained "what tires, or tubes, or appliances, or duplicate and extra parts, equipment, material, robes and supplies were in the building . . . . nor . . . . what said materials cost." The complaint alleged the furnishing of

proof of loss pursuant to the policy. The demurrer admitted, for the sake of the argument, that such proof of loss was furnished, which must be presumed at that stage to have been in accordance with the requirements of the policy as to particularity, which, if so, would have justified the ruling.

This action was commenced May 7, 1923. Upon July 19, 1923, defendant served notice of a demand for bill of particulars, which was not furnished. Upon September 22, 1923, appellant filed, with three supporting affidavits, a motion for an order requiring "the plaintiff to furnish to the defendant a statement setting forth the number and kind and cost price to D. W. Long of the articles described in plaintiff's complaint and especially paragraph IV thereof." This motion was denied.

[2]   If it be said that the requiring of a bill of particulars is discretionary with the court (31 Cyc. 571), yet, in an action upon an insurance policy covering, as this one did, numerous separate articles, the defendant is ordinarily entitled to a bill of particulars (26 C. J. 507), especially where no separate items or values are set forth in the complaint, and especially in view of the provisions of the policy that the insured shall furnish proof of loss, and that the insurer, as often as required, shall have access to the books, records, vouchers, etc.

Respondent's contention that the granting of such motion is discretionary, is answered in one of its own citations, to the effect that "The chief office of a bill of particulars is to amplify a pleading, and more minutely specify the claim or defense set up. Another object . . . . is to prevent surprise on the trial, by furnishing that information which a reasonable man would require respecting the matters against which he is called upon to defend himself. . . . . " (3 Ency. of Pl. & Pr., pp. 519, 520, quoted in *Blackburn v. Washington Gold Mining Co.,* 19 Wash. 361, 53 Pac. 369.)

[3]   Whether or not the defendant may have had information as to the contents of the building, it was entitled to know with some particularity what plaintiff was going

to claim at the trial to have been destroyed, and the values to be claimed for the articles, so far as plaintiff could give such information. A bill of particulars is not for the purpose of discovering evidence, not to find what the plaintiff knows, but what he claims.

[4] It appearing that no such information was furnished, the complaint stating no particulars whatever of items, values or cost, we deem the refusal of the court to require a bill of particulars as an abuse of discretion. No showing was made whatever that plaintiff could not furnish some of this information, or had made any effort whatever, or that the books or records were not available to it or in its possession, which would disclose some, if not *all,* of the information asked for.

The insured notified defendant's local agent of the fire immediately following it, and the company, on a telegram from the agent, sent an adjuster to Gooding. He did not communicate with Long, nor did Long render any proof of loss as required by the policy, or at all. Long, on March 20, 1922, assigned to the plaintiff any interest he had in the policy, and upon that date plaintiff wrote defendant of the assignment. No proof of loss was furnished by plaintiff until after considerable correspondence with the defendant, when the plaintiff sent to defendant a purported proof of loss about January 5, 1923. The defendant, by letter, immediately denied liability, and denied liability in its answer.

[5] The plaintiff, having pleaded a long course of dealing and correspondence between it and the defendant, by which plaintiff claimed that defendant had waived proof of loss, at the trial offered, and was permitted over objection to introduce, numerous letters and telegrams, exhibits "B" to "U." The introduction of these exhibits is assigned as error. It is urged by·respondent that appellant did not make objections which properly present the error for review, but the record plainly discloses the contention of appellant as to each of these exhibits, and that the court knowingly ruled upon such objections. As a part of the objection to these exhibits, the defendant admitted that it

had waived its right to require proof of loss, and contended that the exhibits thus became immaterial. Respondent contends that these exhibits were admissible (1) for the purpose of showing a waiver, (2) as part of the *res gestae,* and (3) as establishing a date from which the plaintiff was entitled to interest upon the recovery. Even if appellant had not conceded that the waiver was established, there was much in these letters and telegrams of hearsay and irrelevant and prejudicial matter, and only such letters or portions thereof as tended to establish a waiver or to fix a date from which to compute interest, without being subject to the other objections, should have been admitted. The fact that plaintiff's own letters contained at the same time competent proof in a series of letters to establish waiver or to supply the necessary connection between letters of the defendant furnished no excuse for such a deluge of self-serving, immaterial and prejudicial volume of hearsay as was admitted; nor was the evidence offered piecemeal, or any offer made of material and admissible portions of the letters, but after identification they were offered as exhibits "B" to "U."

Respondent contends that the letters were part of the *res gestae,* and admissible as such. Counsel cites no authority or reason for such contention, nor do we find any. Respondent contends that these letters were admissible to establish a waiver, and thus advance the date from which interest would accrue upon the amount found due. Even this contention would not justify the receipt of the mass of immaterial and prejudicial matter received.

Under various authorities, interest is allowable from (1) the date of the fire; (2) the date of proof of loss; (3) sixty days after proof of loss; (4) denial of liability; (5) commencement of the action; (6) the verdict. Such portions only of this correspondence would be material for this purpose as might bear upon the establishment of a date for the running of interest, correct upon the law and facts of this case. Nor could the date of the commencement of interest depend upon any of the vast amount of corre-

spondence offered, other than the letter returning the proof of loss and denying liability (exhibit "T").

Appellant contends that the court erred in deciding that it was unnecessary for plaintiff to prove for whom it was acting as trustee. Appellant takes an inconsistent position, for upon the trial its counsel objected to such evidence as immaterial. There is no occasion to pass upon this assignment, in view of a new trial. The plaintiff was the assignee of this policy, with a proper assignment thereof, and a judgment in this action, it being shown that the plaintiff was in possession of the policy assigned to it as trustee, would protect this defendant against any person for whom the plaintiff brought the action. The plaintiff had the complete legal title to the cause of action, and could legally discharge the defendants from its obligation. (30 Cyc. 78.)

[6] Assignment of error No. 10 is a complaint that the court erred in permitting a witness to testify that Long had any creditors, and that this suit was brought and maintained by plaintiff as trustee for the creditors. True, the special demurrer raised the point that the complaint did not name the creditors, but that has not been argued here. The plaintiff alleged that there were creditors, and the defendant denied this allegation. We deem it wholly immaterial that there were creditors, but under the pleadings as they stood, and defendant's contention, it was not error to permit plaintiff to prove this matter as alleged.

[7] Appellant contends that the court erred in permitting the witness Nichols, one Barker, and one Kobold to testify to various statements as to the amount of stock, automobile tires, and accessories in the stock of Long in the building at times remote from the time of the fire. Much of this evidence was erroneously admitted. True, the inability of a plaintiff to furnish books of account, inventories and records of the stock destroyed will not of itself deprive the plaintiff of the right to recover. A plaintiff may establish his loss by any competent evidence, but the inability to furnish the best evidence should be apparent to the court before permitting some of the loose statements

of quantity of stock and value which were permitted. There was no showing of inability of the plaintiff to establish, by books, records, inventories and the like, of what this stock consisted and its value, and in the absence of such proof much of the testimony was erroneous. Nor can the testimony of the volume of stock at previous dates be considered, of itself, proof of value, when as here a going concern, between those dates and the fire, was engaged in selling from this stock, and no proof was offered of sales or replenishment between the dates given by the witnesses as to what appeared to them at that time to be the value of the stock, and the date of the fire. [8] The evidence of the witness Kobold as to having assisted in taking an inventory, and his being permitted to testify to the value stated by Long some 30 days before the fire, was the admission of the purest hearsay, and highly prejudicial. We do not hold that, when properly connected up with proof of sales and replenishment, evidence may not be given of the value of a stock of goods at a time prior to the fire, but such proof is not competent without establishing the elements which would go to increase or decrease or arrive at the true value of the stock at the time of the fire. Much of the evidence as to values was indefinite, but if properly connected up by proof of sales and replenishment, the question would be one more of its weight than of admissibility.

[9] Appellant argues that batteries were not covered by this fire insurance. They are plainly within the intention of the policy as either "appliances," "extra parts," or "equipment" of such a "stock of automobile accessories."

[10] The policy herein provided that payment should be due 60 days after satisfactory proof of loss was submitted. Under C. S., sec. 2551, "interest is allowed" on "money after the same becomes due." When, as here, the defendant admits that, by exhibit "T," it denied liability, and thereafter, by answer, affirmed such denial, the plaintiff was entitled to interest from the date of the letter. Plaintiff was not entitled to interest from the date of the fire, nor until it had furnished proof of loss or established a

waiver thereof. (26 C. J. 374.) This action does not come within the rules controlling allowance of interest upon unliquidated claims for damages, but rather those applicable in an action for money due upon contract.

The judgment is reversed and the cause remanded for a new trial. Costs to appellant.

Wm. E'. Lee, C. J., and Budge and T. Bailey Lee, JJ., concur.