IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 42384-2014

| | | |
|---|---|---|
| JACKSON HOP, LLC, | ) | |
| | ) | **Boise, June 2015 Term** |
| Plaintiff-Appellant, | ) | |
| | ) | **2015 Opinion No. 67** |
| v. | ) | |
| | ) | **Filed: July 16, 2015** |
| FARM BUREAU MUTUAL INSURANCE | ) | |
| COMPANY OF IDAHO, | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District of the State of Idaho, in and for Canyon County. Hon. Christopher S. Nye, District Judge.

The judgment of the district court is <u>affirmed</u>.

Edward J. Guerricabeitia, Davidson Copple Copple & Copple, Boise, argued for appellant.

James S. Thomson, Powers Tolman Farley PLLC, Boise, argued for respondent.

---

EISMANN, Justice.

This is an appeal out of Canyon County from a ruling that an insured was not entitled to an award of prejudgment interest on a sum owing for a fire loss because under the terms of the insurance policy payment was not due until the amount of the loss was ascertained by arbitration. We affirm the judgment of the district court.

## I.
## Factual Background.

On September 12, 2012, a fire destroyed three buildings and related equipment that were owned by Jackson Hop, LLC, and were used to dry hops, to process and bale hops, and to store hop bales. The buildings were insured by Farm Bureau Mutual Insurance Company of Idaho for the actual cash value of the buildings and equipment, not to exceed the policy limit. Farm

Bureau's appraisers determined that the actual cash value of the buildings was $295,000 and the value of the equipment was $85,909. On November 28, 2012, it paid Jackson Hop $380,909. Jackson Hop disagreed with that figure, and it hired its own appraiser, who concluded that the actual cash value of the buildings and equipment totaled $1,410,000. Farm Bureau retained another appraiser to review the report of Jackson Hop's appraiser, and that appraiser concluded that the value of $1,410,000 was unrealistically high.

On June 18, 2013, Jackson Hop filed this action to recover the balance of what it contended was owing under the insurance policy, plus prejudgment interest. The parties agreed to submit the matter to arbitration as provided in the policy. During that process, Jackson Hop presented additional opinions regarding the actual cash values, ranging from $800,000 to $1,167,000 for the buildings and $379,108 to $399,000 for the equipment. Farm Bureau's experts revised their opinions upward, although only from $295,000 to $333,239 for the buildings and from $85,909 to $133,000 for the equipment. Before completion of the arbitration, Farm Bureau paid an additional sum of $85,330.

On February 21, 2014, the arbitrators issued their decision. They determined that the actual cash value of the buildings and the equipment was $740,000 and $315,000, respectively, for a total of $1,055,000. Within seven days of the arbitrators' decision, Farm Bureau paid Jackson Hop $588,761, which was the amount of the arbitrators' award less the prior payments.

On March 4, 2014, Jackson Hop filed a motion asking the district court to confirm the arbitrators' award and to award Jackson Hop prejudgment interest, court costs, and attorney fees. Farm Bureau filed an objection to the request for court costs, attorney fees, and prejudgment interest. After briefing and argument, the court awarded Jackson Hop attorney fees in the sum $78,259.75, which the court later increased to $82,059.75. The court denied the request for court costs because the parties' arbitration agreement stated that both parties would pay their own costs, and the court denied the request for prejudgment interest because the amount of damages was unliquidated and unascertainable by a mathematical process until the arbitrators' award. Jackson Hop then appealed.

## II.
## Did the District Court Err in Ruling that Jackson Hop Was Not Entitled to Prejudgment Interest?

This Court has long held that prejudgment interest cannot be awarded on a claim "for unliquidated damages, the amount of which was not susceptible of ascertainment by computation or by reference to market values." *Barrett v. Northern Pac. Ry. Co*., 29 Idaho 139, 145, 157 P. 1016, 1018 (1916). *Accord Opportunity, L.L.C. v. Ossewarde*, 136 Idaho 602, 609-10, 38 P.3d 1258, 1265-66 (2002). Jackson Hop contends that there is an exception to that rule for first-party insurance claims. Farm Bureau contends that Jackson Hop is precluded from being awarded prejudgment interest because that issue was not presented to the arbitrators. We will address Farm Bureau's arguments first.

Relying upon *Wolfe v. Farm Bureau Insurance Co*., 128 Idaho 398, 913 P.2d 1168 (1996), Farm Bureau asserts that any claim for prejudgment interest must be presented to the arbitrators. Wolfe was injured as a passenger in a car being driven by the owner, who had an automobile liability policy with a $25,000 policy limit. *Id*. at 401, 913 P.2d at 1171. After recovering the policy limit of the owner's policy, Wolfe made a demand under the underinsured motorist coverage of his automobile policy. *Id*. That claim was arbitrated pursuant to the insurance contract, and Wolfe was awarded less than the policy limit of his underinsured coverage. *Id*. He then filed an action seeking confirmation of the award, prejudgment interest, court costs, and attorney fees. *Id*. On appeal, this Court held that Wolfe could not recover prejudgment interest because he had not sought it in the arbitration. This Court stated:

> Section 7–910 of the UAA grants authority to the arbitrators to award "expenses and fees, together with other expenses," incurred during arbitration, absent a contrary agreement between the parties. "Other expenses" include both prejudgment interest and costs of arbitration. Because costs and prejudgment interest are paid only as provided in the arbitration award, they are matters which must be brought during arbitration. Wolfe's failure to claim costs and prejudgment interest during arbitration precludes his recovery of costs and prejudgment interest outside of arbitration.

*Id*. at 403, 913 P.2d at 1173.

The holding in *Wolfe* was based upon the contention that Idaho Code section 7-910 requires that when a matter is arbitrated, any claim for prejudgment interest must be included in the issues to be arbitrated. Idaho Code section 7-910 states, "Unless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award." The statute makes no mention of prejudgment interest, and prejudgment interest could

3

not reasonably be considered as being "other expenses . . . incurred in the conduct of the arbitration." The word "expense" means "[a]n expenditure of money, time, labor, or resources to accomplish a result." *Black's Law Dictionary* 598 (Bryan A. Garner ed., 7th ed., West 1999). The word "incur" means "[t]o suffer or bring on oneself (a liability or expense)." *Id*. at 771. Prejudgment interest is not an expenditure suffered in the conduct of the arbitration. Interest is "compensation fixed by agreement or allowed by law for the use or detention of money, or for the loss of money by one who is entitled to its use." *Id*. at 816. Thus, prejudgment interest is compensation that can be awarded to a party in arbitration, it is not an expense incurred by that party in the conduct of the arbitration.

"We will ordinarily not overrule one of our prior opinions unless it is shown to have been manifestly wrong, or the holding in the case has proven over time to be unwise or unjust." *State v. Koivu*, 152 Idaho 511, 518, 272 P.3d 483, 490 (2012). Because the above-quoted portion of the decision in *Wolfe* is manifestly wrong, we overrule it and its progeny insofar as they hold that Idaho Code section 7-910 either authorizes arbitrators to award prejudgment interest or requires prejudgment interest to be submitted to arbitrators along with other issues. Idaho Code section 7-910 has absolutely nothing to do with prejudgment interest.

"An arbitrator's authority is derived from the parties' arbitration agreement." *Norton v. Cal. Ins. Guarantee Ass'n*, 143 Idaho 922, 925, 155 P.3d 1161, 1164 (2007). "Whether an arbitration clause in a contract requires arbitration of a particular dispute or claim depends upon its terms." *Mason v. State Farm Mut. Auto. Ins. Co.*, 145 Idaho 197, 201, 177 P.3d 944, 948 (2007). In this case, the insurance contract stated: "An insured or we may make a written demand for arbitration to determine all disputed issues as to (1) whether an insured is entitled under the policy to coverage for a loss, or (2) the value of a loss to real or personal property where coverage is not disputed." The insurance contract did not state that the parties would arbitrate all issues arising out of a claim based upon a loss caused by fire. The contract expressly restricted the issues to be arbitrated to the two issues listed. Farm Bureau stated in its brief, "The fact that the arbitration agreement in this case did not specifically address prejudgment interest does not prohibit the arbitration panel from considering interest." Absent any agreement between the parties to include prejudgment interest as an issue to be arbitrated, the arbitration panel was prohibited from considering that issue. Therefore, the failure to have the arbitrators

4

address prejudgment interest has no bearing on whether Jackson Hop can obtain an award of prejudgment interest from the district court.

Jackson Hop correctly argues that there are decisions from this Court which created an exception to the general rule regarding the awarding of prejudgment interest on claims for unliquidated damages. In *Intermountain Association of Credit Men v. Milwaukee Mechanics' Insurance Co.*, 44 Idaho 491, 258 P. 362 (1927), the Court held that an insured under a fire policy was entitled to recover prejudgment interest from the date that the insurer denied coverage because "[t]his action does not come within the rules controlling allowance of interest upon unliquidated claims for damages, but rather those applicable in an action for money due upon contract." *Id*. at 500, 258 P. at 365. The insurance policy provided that payment was "due 60 days after satisfactory proof of loss was submitted." *Id*. at 499, 258 P. at 365.

In *Brinkman v. Aid Insurance Co.*, 115 Idaho 346, 766 P.2d 1227 (1988), the Court held that an insured, who was injured by an under-insured motorist, was entitled to prejudgment interest from the date of the accident on the general damages that he eventually recovered from his insurer under the underinsured motorist coverage of his insurance policy. *Id*. at 354, 766 P.2d at 1235. In so holding, the *Brinkman* Court stated, "It is significant that Aid's duty arose out of a contract between Aid and Brinkman, not out of a tort action." *Id*. at 353, 766 P.2d at 1234. That statement is curious because the rule against awarding prejudgment interest on unliquidated damages also applied to contract claims. *Storey & Fawcett v. Nampa & Meridian Irrigation Dist.*, 32 Idaho 713, 719, 187 P. 946, 946 (1920); *Medling v. Seawell*, 35 Idaho 333, 339, 207 P. 137, 139 (1922); *Ervin Const. Co. v. Van Orden*, 125 Idaho 695, 704, 874 P.2d 506, 515 (1993).

In *Emery v. United Pacific Insurance Co.*, 120 Idaho 244, 815 P.2d 442 (1991), the Court held that as part of a proceeding to confirm an arbitration award of general damages to an insured under the uninsured motorist coverage of her insurance contract, the district court could award prejudgment interest from the date of the accident on the entire damage award. *Id*. at 248, 815 P.2d at 446. The *Emery* Court based its decision on *Brinkman*, and it added: "The *Brinkman* decision is not, as the appellant contends, applicable to all tort actions, or all contract actions. The *Brinkman* decision is limited to actions based on first party insurance contract actions involving an underinsured motorist clause similar to the one contained in Brinkman's insurance policy." *Id*.

5

In *Greenough v. Farm Bureau Mutual Insurance Co. of Idaho*, 142 Idaho 589, 130 P.3d 1127 (2006), this Court overruled *Brinkman* and its progeny, based upon the plain wording of Idaho Code section 28-22-104(1), which provides:

> When there is no express contract in writing fixing a different rate of interest, interest is allowed at the rate of twelve cents (12¢) on the hundred by the year on:
> 1. Money due by express contract.
> 2. Money after the same becomes due.
> 3. Money lent.
> 4. Money received to the use of another and retained beyond a reasonable time without the owner's consent, express or implied.
> 5. Money due on the settlement of mutual accounts from the date the balance is ascertained.
> 6. Money due upon open accounts after three (3) months from the date of the last item.

Because the statute sets forth when interest begins to accrue when there is no express contract in writing fixing a different rate of interest, we held in *Greenough*:

> After a review of *Brinkman* and its progeny, it is apparent that these cases must be overruled in order to vindicate the "plain, obvious principles" of I.C. § 28–22–104 and to "remedy continued injustice." Therefore, to the extent that *Brinkman* and its progeny provide for prejudgment interest from the date of the accident, they are overruled. Consequently, although the district court applied the established case law in Idaho, we must vacate its opinion to the extent that it does not conform with this opinion.
> In insurance cases money becomes due as provided under the express terms of the insurance contract. Therefore, the insured is not entitled to prejudgment interest until he or she complies with the applicable contract provisions.

*Id*. at 593, 130 P.3d at 1131.

Pursuant to Idaho Code section 28-22-104(1), interest on the amount that Jackson Hop was entitled to receive under the insurance contract did not begin to run until the money was due under the terms of the parties' contract. The insurance contract between Jackson Hop and Farm Bureau sets forth when payment of a loss is due. It states: "Payment for loss will be made within 60 days after we receive your signed, sworn proof of loss and ascertainment of the loss is made by: (a) agreement with you; (b) entry of a final judgment; or (c) the filing of an arbitration award with us." Under the parties' contract, payment of Jackson Hop's loss was not due until the filing of the arbitration award with Farm Bureau. Jackson Hop has not contended that any

6

unpaid interest accrued between the filing of the arbitration award and the payment. Therefore, Jackson Hop is not entitled to an award of interest.

We affirm the judgment of the district court on the ground that pursuant to Idaho Code section 28-22-104(1), interest on the sum that Jackson Hop was entitled to recover under the insurance contract did not begin to accrue until payment was due under the contract. Therefore, we need not address the issue of interest accruing on an award of unliquidated damages.

## III.
### Is Either Party Entitled to an Award of Attorney Fees on Appeal?

Both parties request an award of attorney fees on appeal pursuant to Idaho Code section 41-1839. Jackson Hop seeks an award of attorney fees under subsection (1) of the statute. Because Jackson Hop is not the prevailing party on appeal, it is not entitled to an award of attorney fees under that statute. *Bank of Idaho v. First Am. Title Ins. Co.*, 156 Idaho 618, 624, 329 P.3d 1066, 1072 (2014).

Farm Bureau seeks an award of attorney fees under subsection (4) of the statute, which provides that "attorney's fees may be awarded by the court when it finds, from the facts presented to it that a case was brought, pursued or defended frivolously, unreasonably or without foundation." I.C. § 41-1839(4). In opposing Jackson Hop's request for attorney fees, Farm Bureau argued that (1) any award of prejudgment interest had to be included in the arbitrators' award, pursuant to *Wolfe*; (2) prejudgment interest could not be awarded because the amount of the loss was unliquidated and not capable of mathematical computation; and (3) interest could not begin to accrue until payment was due under the insurance contract. The district court held that Jackson Hop could not recover prejudgment interest because the amount of its loss was unliquidated, but the court did not address the other two grounds of Farm Bureau's objection. On appeal, Jackson Hop argued that *Intermountain Association of Credit Men* permitted an award of prejudgment interest on the insurance proceeds from a fire loss even though the amount of the claim was unliquidated. On appeal, Farm Bureau made the same three arguments that it had made in the district court. Although this Court had overruled *Brinkman* and its progeny, which permitted the award of prejudgment interest on unliquidated claims, we did so based upon the ground that by statute interest could not begin to run until the claim was liquidated. This Court has not had occasion to address the holding in *Intermountain Association of Credit Men*.

7

We also overruled *Wolfe*, upon which Farm Bureau relied.  Under the circumstances, we do not find that Jackson Hop pursued this appeal frivolously, unreasonably, or without foundation. Therefore, we do not award Farm Bureau attorney fees on appeal.

**IV.**
**Conclusion.**

We affirm the judgment of the district court, and we award respondent costs, but not attorney fees, on appeal.

Chief Justice BURDICK, Justices J. JONES, W. JONES, and HORTON **CONCUR.**

8