697 P.2d 1195

**BINGHAM COUNTY COMMISSION,**
Petitioner-Respondent,

v.

**INTERSTATE ELECTRIC COMPANY, A DIVISION OF the L.E. MYERS COMPANY, Respondent-Appellant.**

No. 15221.

Court of Appeals of Idaho.

March 22, 1985.

David R. Gallafent, Merrill & Merrill, Pocatello; Robert M. Anderson, Berman & Anderson, Salt Lake City, Utah; for respondent-appellant.

Jay Stout, Stout & Moss, Blackfoot; Stephen Roth, Snow, Christensen & Martineau, Salt Lake City, Utah, for petitioner-respondent.

WALTERS, Chief Judge.

The sole issue in this appeal is whether an arbitration award should carry interest thereon at the statutory rate applicable to judgments. The district court held that it should not. We agree and affirm, with modification.

The following facts are undisputed. Bingham County contracted with Interstate Electric Company (hereinafter Interstate) for remodeling and expansion work on the county hospital. Pursuant to a provision in their written agreement, a dispute between the parties concerning delays and cost overruns was submitted to an arbitrator. On February 9, 1980 the arbitrator awarded $100,000 to Interstate. Bingham County filed suit in district court to vacate the award, contending the county commission's action in submitting the claim to arbitration was an act beyond its power and the award was thus void. Interstate countered by requesting the court to confirm the award. The district court agreed with the county's position and vacated the award. On ap-

peal, the district court's ruling was reversed. *Bingham County Commission v. Interstate Electric Company,* 105 Idaho 36, 665 P.2d 1046 (1983).

The Supreme Court held that, with exception of an allowance for attorney fees made by the arbitrator, the arbitration award must be confirmed. 105 Idaho at 42, 665 P.2d at 1052. Pursuant to that directive, the district court confirmed the award on remand and entered judgment for Interstate, in the amount of $100,000, on August 4, 1983. In the meantime, the Idaho statute regulating interest had been amended, effective July 1, 1981. Prior to that date, interest on money due (absent a written agreement between the parties fixing a rate of interest) and on judgments was set at 8% per annum.[1] Effective July 1, 1981, the interest on monies due was fixed at 12% per annum and the interest on judgments was increased to 18% per annum.[2]

Following the remand, Interstate apparently submitted a proposed form of judgment to the district court, including interest on the arbitration award at the rate applicable to judgments, i.e., at the rate of 8% from February 9, 1980 (the date of the arbitrator's award) to June 30, 1981, and at the rate of 18% from July 1, 1981 until the judgment is satisfied.[3] Bingham County filed an objection to the proposed judgment, arguing that the 12% rate fixed by I.C. § 28–22–104(1) was applicable to the award after July 1, 1981. Thereafter, on August 4, 1983, the district court below awarded interest on the $100,000 at the rate of 8% per annum from February 9, 1980 until June 30, 1981, and at the rate of 12% per annum "from July 1, 1981, until paid in accordance with Idaho Code § 28–22–104." Interstate then moved to amend the judgment, seeking to recover the 18% interest provided in its proposed form of judgment. The district court denied the motion and Interstate has appealed.

On this appeal Interstate contends the arbitrator's award should be accepted as the "judgment of a competent ... tribunal," under I.C. § 28–22–104(2), for the purpose of determining the applicable rate of interest. We disagree.

█ Idaho's version of the Uniform Arbitration Act clearly makes a distinction between an arbitration determination and a judgment. An arbitrator's decision is statutorily characterized as an "award." I.C. § 7–908. Section 7–911 provides for confirmation of such an award, by court action. Upon granting of an order confirming, modifying or correcting an award, a "judg-

---

1. Before its amendment in 1981, I.C. § 28–22–104 read as follows:

    When there is no express contract in writing fixing a different rate of interest, interest is allowed at the rate of eight cents (8¢) on the hundred by the year on:
    1. Money due by express contract.
    2. Money after the same becomes due.
    3. Money lent.
    4. Money due on the judgment of any competent court or tribunal.
    5. *Money received to the use of another* and retained beyond a reasonable time without the owner's consent, express or implied.
    6. Money due on the settlement of mutual accounts from the date the balance is ascertained.
    7. Money due upon open accounts after three (3) months from the date of the last item.

2. After the 1981 amendment, I.C. § 28–22–104 provided:

    (1) When there is no express contract in writing fixing a different rate of interest, interest is allowed at the rate of twelve cents (12¢) on the hundred by the year on:
    1. Money due by express contract.
    2. Money after the same becomes due.
    3. Money lent.
    4. Money received to the use of another and retained beyond a reasonable time without the owner's consent, express or implied.
    5. Money due on the settlement of mutual accounts from the date the balance is ascertained.
    6. Money due upon open accounts after three (3) months from the date of the last item.
    (2) The legal rate of interest on money due on the judgment of any competent court or tribunal shall be eighteen cents (18¢) on the hundred by the year.

3. This proposed form of judgment was not included in the record before us on appeal; our recitation of the content of that proposal, so far as the interest request, has been gleaned from the briefs of the parties on appeal.

ment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree." I.C. § 7–914. The term "court" means any court of competent jurisdiction and an agreement to submit to arbitration confers jurisdiction on the court to enforce the agreement and to enter judgment on any award thereunder.[4] I.C. § 7–917.

Thus it appears that an arbitrator's award is not self-enforcing. *See also* 5 Am.Jur.2d *Arbitration and Award*, § 152 at 632 (1962). Such an award requires the imprimatur of a court to be enforced. *Id.* § 161, pp. 638–39. The award becomes enforceable when a court enters judgment on the award. It follows that the arbitrator's award is not a judgment of a tribunal for the purpose of applying the interest rate applicable to judgments. *Compare* I.C. § 72–734 which specifically designates subsection (2) of I.C. § 28–22–104 as controlling the award of interest on decisions rendered by the Idaho Industrial Commission.

We affirm the judgment. However, for clarification of the interest rate following entry of the judgment, we order that paragraph 3 of the judgment be modified to provide as follows:

3. Defendant is awarded judgment against plaintiff for interest on the $100,000.00 arbitration award from February 9, 1980, the date of the award, through June 30, 1981, at the rate of eight percent (8%) per annum and at the rate of twelve percent (12%) per annum from July 1, 1981, until August 4, 1983 and at the rate of eighteen percent (18%) per annum from August 4, 1983, the date of judgment, until paid.

No attorney fees on appeal. Costs to respondent, Bingham County.

BURNETT and SWANSTROM, JJ., concur.

---

4. The arbitration agreement between Interstate and Bingham County recognized that the arbitrator's award, and a judgment, were not synonymous terms or acts. The agreement provided in part: "The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof."