815 P.2d 442

Carol EMERY, Plaintiff–Respondent,

v.

UNITED PACIFIC INSURANCE COM-
PANY, a Washington corporation,
Defendant–Appellant,

and

James Douglas Porter, Defendant.

No. 18502.

Supreme Court of Idaho,
Boise, December 1990 Term.

July 30, 1991.

Brady, Saetrum & Lerma, Chartered, Boise, attorney for defendant-appellant. Kent V. Reynolds, argued.

Davison, Copple, Copple & Copple, Boise, for plaintiff-respondent. E. Don Copple, argued.

BOYLE, Justice.

In this appeal from the district court's order granting summary judgment, we are called upon to determine whether it was proper for the trial court in confirming the arbitration award to make an award of attorney fees that were incurred during the course of arbitration proceedings, and whether prejudgment interest may be awarded on general damages commencing from the time of injury.

On June 29, 1987, the plaintiff-respondent, Carol Emery, was a pedestrian injured when a car driven by James Porter, struck her in a crosswalk. Porter was an underinsured motorist whose liability insurance policy paid Emery $20,000.00. Emery made a claim against her insurer, defendant-appellant United Pacific Insurance Co., under the underinsured motorist provisions of her policy which had limits of $300,000.00.

On September 16, 1988, Emery submitted a formal proof of loss to United Pacific describing the facts of the accident, her injuries, diagnosis, prognosis and special damages she had incurred as a result of the accident. Counsel for Emery valued her case at $625,000.00. In response to the claim, Emery received a letter from United Pacific dated October 18, 1988, in which it demanded credit for the $20,000.00 paid by Porter's insurance carrier and offered an additional $28,000.00 in compensation. Emery rejected United Pacific's offer and on November 30, 1988, filed suit in the district court for damages, prejudgment interest, attorney fees, costs and a declaratory judgment action. On January 4, 1989, after the district court action had been filed, United Pacific filed a petition to compel arbitration pursuant to I.C. § 7–902[1] and upon the arbitration clause contained in the insurance policy. The district court ordered arbitration on the limited issue of the amount of damages to which Emery would be entitled under the underinsured motorist provisions clause of her insurance policy.

The arbitration panel awarded Emery $281,853.96 in damages. Thereafter, the

---

1. I.C. § 7–902. **Proceedings to compel or stay arbitration.**—(a) On application of a party showing an agreement described in section 7–901, Idaho Code, [a provision in a written agreement to submit to arbitration any controversy arising between the parties], ... the court shall order the parties to proceed with arbitration ...

....
(d) Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this section....

parties executed a Satisfaction of Award in the amount of $280,000.00. Emery then filed a Motion for Confirmation of Arbitrator's Award and a Motion for Summary Judgment on the following issues: 1) Whether Emery was entitled to prejudgment interest from the date of the accident; and 2) Whether Emery was entitled to attorney fees and costs. The district court granted Emery's motions and held that she was entitled to prejudgment interest from the date of the accident until the date the award was satisfied, and pursuant to I.C. § 41–1839 awarded Emery attorney fees in the amount of $49,381.25. United Pacific appeals from the summary judgment awarding Emery prejudgment interest and attorney fees.

## I.

### Award of Attorney Fees

Emery sought an award of attorney fees and costs pursuant to I.C. §§ 12–120(3), 12–121, 41–1839, and I.R.C.P. 54(d)(1). The trial court found that United Pacific had not acted frivolously so as to base an award of attorney fees under I.C. § 12–121 and I.R.C.P. 54(d)(1), and that the case was not within the scope of I.C. § 12–120(3) since it was not a commercial transaction as defined by the statute.

However, the trial court ruled pursuant to I.C. § 41–1839 that United Pacific was obligated to pay Emery's attorney fees incurred during the entire litigation process, including the arbitration proceedings. United Pacific appeals this award of attorney fees asserting that pursuant to I.C. § 7–910 and the arbitration clause contained in the insurance contract, attorney fees should not have been awarded to the extent that they were incurred during an arbitration proceeding. United Pacific concedes that pursuant to I.C. § 41–1839, an insured who recovers in a court action to enforce the terms of a contract is entitled

to an award of attorney fees. However, United Pacific argues that if a party to a contract, including an insurance contract, invokes the arbitration clause, attorney fees incurred during the arbitration proceeding are not recoverable.

I.C. § 7–910 states,

*Unless otherwise provided in the agreement to arbitrate*, the arbitrator's expenses and fees, together with other expenses, *not including counsel fees*, incurred in the conduct of the arbitration, shall be paid as provided in the award. (Emphasis added.)

■ With regard to I.C. § 7–910, this Court has interpreted the statute to provide that it is beyond the scope of an arbitrator's powers to award attorney fees to one of the parties absent a contractual agreement to do so. *Bingham County Comm'n v. Interstate Elec. Co.*, 105 Idaho 36, 665 P.2d 1046 (1983). However, that limitation upon an arbitrator does not extend to the authority of the district court to award attorney fees pursuant to I.C. § 41–1839.

The arbitration clause contained in the United Pacific insurance contract[2] states that unless the parties object, arbitration will be conducted under the rules of the American Arbitration Association. A review of the record demonstrates that no objection was made to the arbitration proceedings being conducted under those rules. The American Arbitration Association Rules contain the following relevant provisions which state:

The expenses of witnesses for either side shall be paid by the party producing such witnesses. *All other expenses of the arbitration*, including required travelling and other expenses of the arbitrator and AAA representatives, and the expenses of any witness and the cost of any proof produced at the direct request of the arbitrator, *shall be borne equally by the parties, unless they agree other-*

---

**2.** The arbitration clause in the United Pacific policy states in pertinent part:

If we and a covered person disagree whether that person is legally entitled to recover damages from the owner or operator of an underinsured motor vehicle or do not agree as to

the amount of damages, either party may make a written demand for arbitration. *Such arbitration will be conducted under the rules of the American Arbitration Association unless we or a covered person objects...*

*wise* or unless the arbitrator in the award assesses such expenses or any part thereof against any specified party or parties.

As the above rule states, the general rule of arbitration proceedings is that the parties must bear equally all expenses of arbitration except those expenses of witnesses which are to be paid by the party producing such witnesses. However, as provided in the American Arbitration Rules, the parties may agree to modify this rule in any manner that they choose.

 This Court has previously held that the provisions of I.C. § 41–1839 become part of the insurance contract to the same effect as though incorporated therein. *Pendlebury v. Western Casualty & Sur. Co.*, 89 Idaho 456, 406 P.2d 129 (1965). I.C. § 41–1839 provides in pertinent part:

**41–1839. Allowance of attorney fees in suits against insurers.**—(1) *Any insurer* issuing any policy, certificate or contract of insurance, surety, guaranty or indemnity of any kind or nature whatsoever, *which shall fail for a period of thirty (30) days after proof of loss* has been furnished as provided in such policy, certificate or contract, *to pay to the person entitled thereto the amount justly due* under such policy, certificate or contract, shall in any action thereafter brought against the insurer in any court in this state for recovery under the terms of the policy, certificate or contract, *pay such further amount as the court shall adjudge reasonable as attorney's fees* in such action ... (Emphasis added.)

Pursuant to this implied term in the insurance contract, the parties agree that the insurer is obligated to pay attorney fees if the insured is compelled to file suit to recover under the insurance policy. As an implied term in the insurance contract, the statutory language of I.C. § 41–1839 modifies the general American Arbitration Association rule that the parties must bear equally all expenses of arbitration, except

those associated with the presentation of witnesses. Where the insured is required and compelled to file a lawsuit by reason of an insurer's refusal to pay in order to recover under her insurance contract, we hold it is implicit in I.C. § 41–1839 that the court shall adjudge a reasonable award of attorney fees against the insurer.[3] This Court has further held that the attorney fee authorized by I.C. § 41–1839 is not a penalty, but an additional sum rendered as just compensation. *Halliday v. Farmers Ins. Exch.*, 89 Idaho 293, 404 P.2d 634 (1965). We affirm the trial court's award of attorney fees.

### II.

### *Prejudgment Interest*

 In the instant action the trial court ruled that Emery was entitled to prejudgment interest on the entire award from the date of the accident. United Pacific argues that this was error in that the general damages portion of the award was unliquidated, and not reasonably ascertainable. United Pacific asserts that Emery was not entitled to recover prejudgment interest until the amount of damages was determined by the arbitrator and a decree entered. We disagree.

In awarding prejudgment interest, the trial court relied on our recent holding in *Brinkman v. Aid Ins. Co.*, 115 Idaho 346, 766 P.2d 1227 (1988). In *Brinkman*, the insured was similarly injured by an underinsured motorist. The insurer, Aid Insurance Company, refused to pay Brinkman, causing him to file suit to recover under the underinsured motorist clause of his insurance policy. A jury returned a verdict awarding Brinkman $156,000 in damages. The trial court in *Brinkman* looked to I.C. § 28–22–104(1) which provides for prejudgment interest on "money due by express contract" and found that Brinkman was entitled to prejudgment interest from the date of the accident on the medical bills which became due and owing prior to suit

---

**3.** I.C. § 41–1839 limits awards of attorney fees to those instances where 1) the insured has provided a proof of loss as required by the insurance policy; 2) the insurance company fails to pay an amount justly due under the

policy within 30 days of such proof of loss; and 3) the insured thereafter is compelled to bring suit to recover for his loss. *Reynolds v. American Hardware Mut. Ins. Co.*, 115 Idaho 362, 766 P.2d 1243 (1988).

and which were not timely paid by Aid. Brinkman appealed asserting that prejudgment interest should have been allowed upon the entire amount of the jury award including the general damages. Pursuant to I.C. § 28–22–104(1), this Court held in favor of Brinkman stating,

> It is significant that Aid's duty arose out of a contract between Aid and Brinkman, not out of a tort action. Because Aid contracted to insure Brinkman for up to $300,000 for all injuries and losses suffered at the hands of an underinsured tortfeasor, Aid is liable for prejudgment interest on the entire amount awarded by the jury. Prejudgment interest accrues on the general damages from the date of the accident, because that is the date Aid's contractual duties accrued.

115 Idaho at 353–54, 766 P.2d at 1234–35.

The facts presented in the instant case are strikingly similar to those in *Brinkman*. We therefore hold it was not error for the trial court to award prejudgment interest upon the entire award commencing from the date of the accident.

It is important to note that the *Brinkman* decision is applicable to a very limited set of facts. The *Brinkman* decision is not, as the appellant contends, applicable to all tort actions, or all contract actions. The *Brinkman* decision is limited to actions based on first party insurance contract actions involving an underinsured motorist clause similar to the one contained in Brinkman's insurance policy. In a situation such as this, where an insured files suit against his or her own insurance company for payment under an underinsured motorist clause, the insured is entitled to prejudgment interest on the entire award, including the award for general damages, from the time of injury. *Brinkman v. Aid Ins. Co.*, 115 Idaho 346, 766 P.2d 1227 (1988). Therefore, we affirm the trial court's award of prejudgment interest on the entire damage award beginning from the date of the accident.

The trial court's order is affirmed in all respects. Costs to respondent. No fees awarded.

BISTLINE, JOHNSON and McDEVITT, JJ., concur.

BAKES, Chief Justice, concurring in part and dissenting in part:

## I

I agree with the portion of the Court's opinion which holds that under I.C. § 41–1839 the plaintiff should be awarded attorney fees incurred relating to the litigation. However, the effect of today's opinion is to repeal the provisions of I.C. § 7–910, which provides that the arbitration award shall not include counsel fees. The best resolution of these two statutes is to prorate the attorney fees between that portion caused by the litigation, and that portion incurred in the conducting of the arbitration. It has always been the rule of statutory construction to interpret two conflicting provisions so as to give them both some meaning. 2 Lewis Suth.Stat.Const., § 516 (2d ed.); *Taxpayers v. Fair Political Prac. Com'n*, 212 Cal.App.3d 991, 260 Cal.Rptr. 898 (2nd Dist.1989) ("[U]nder general rules of statutory construction, courts must first seek to harmonize and reconcile statutes which relate to the same subject matter and thereby avoid, if at all possible, an interpretation which would cause one of the statutes to be ignored."). Prorating the fees would give meaning to both I.C. §§ 41–1839 and 7–910. I would remand for that proration.

## II

As to the award of prejudgment interest, the Court's opinion follows our earlier decision in *Brinkman v. AID Ins. Co.*, 115 Idaho 346, 766 P.2d 1227 (1988), which is contrary to literally dozens of our prior cases which have held that, even in contract cases, no prejudgment interest will be allowed where the amount of the damages is unliquidated. *Stoor's, Inc. v. Idaho Department of Parks & Recreation*, 119 Idaho 83, 803 P.2d 989 (1990); *Barber v. Honorof*, 116 Idaho 767, 780 P.2d 89 (1989); *Davis v. Professional Business Services, Inc.*, 109 Idaho 810, 712 P.2d 511 (1985); *Mitchell v. Flandro*, 95 Idaho 228, 506 P.2d 455 (1972); *Farm Development Corp. v.*

*Hernandez,* 93 Idaho 918, 478 P.2d 298 (1970).

Without discussing or overruling the foregoing cases, *Brinkman* purported to rely on I.C. § 28–22–104(1) to justify the result in that case. However, even though I.C. § 28–22–104(1) does provide for interest on "money due by express contract," this Court, in *Farm Development Corp. v. Hernandez,* 93 Idaho 918, 478 P.2d 298 (1970), expressly rejected the award of prejudgment interest based upon I.C. § 28–22–104, where the damages are unliquidated. The Court in *Farm Development Corp.* stated:

> Farm Development argues it is entitled to interest as a matter of law on the sum of $8,008.50 at six per cent (6%) per annum from April 16, 1965 to the time of the judgment herein, in addition to the interest from the date of judgment until satisfaction thereof. Farm Development contends that this conclusion is compelled by I.C. 28–22–104, which provides in pertinent part:
>
>> "When there is no express contract in writing fixing a different rate of interest, interest is allowed at the rate of six cents (6¢) on the hundred by the year on:
>>
>> "1. Money due by express contract."
>
> At the time of the execution of the contract the above provision was in force as I.C. § 27–1904. It is true as Farm Development contends that there need be no prayer for interest contained in the complaint to justify the award of interest. *Black v. Darrah,* 71 Idaho 404, 233 P.2d 415 (1951). However, it is also settled that "courts have refused to allow interest from a time prior to judgment when the principal amount of liability was unliquidated. This limitation is apparently based upon equitable considerations. However, where the amount of liability is liquidated or capable of ascertainment by mere mathematical processes * * * this Court has allowed interest from a time

prior to judgment, for in that event the interest in fully compensating the injured party predominates over other equitable considerations."

93 Idaho at 920, 478 P.2d at 300. The Court in *Brinkman* apparently was unaware that the issue had been decided in the *Farm Development Corp.* case. Because of that conflict in the two cases, we should reevaluate the issue.

There is no more classic case of unliquidated damages than a personal injury where the trier of fact is evaluating the effects of a personal injury on future lost wages, future medical expense, future pain and suffering, and other physical and emotional problems which the claimant will suffer in the future. There is no good reason to make an exception for first-party insurance cases, as today's opinion apparently proposes to interpret *Brinkman.*

In fact, there is a very good reason not to. Judgments for such personal injuries routinely compensate a person for damages which have not yet occurred, but which will occur in the future, *i.e.,* future medical expenses, future lost wages, pain, suffering, disfigurement, etc. It is basically illogical and unjust to award prejudgment interest on sums of money representing damages which have not yet occurred, but which will only occur sometime in the future.

This Court should reconsider its decision in *Brinkman* and reject it. It is contrary to all of our prior case law dealing with unliquidated damages, whether in contract or tort, and specifically, it is contrary to our case of *Farm Development Corp. v. Hernandez, supra.* But more importantly, it is illogical and unjust to award interest for damages which have not yet occurred.