913 P.2d 1168

**In the Matter of the Arbitration of: Stanley K. WOLFE, Claimant–Appellant,**

v.

**FARM BUREAU INSURANCE CO., Defendant–Respondent.**

**Stanley K. WOLFE, Individually, Plaintiff–Appellant,**

v.

**FARM BUREAU INSURANCE SERVICE COMPANY OF IDAHO, an Idaho corporation, Defendant–Respondent.**

Nos. 20561, 20563.

Supreme Court of Idaho, Coeur d'Alene, October 1994 Term.

March 25, 1996.

Rehearing Denied March 25, 1996.

McFadden Law Offices, P.A., St. Maries; Aherin, Rice & Anegon, Lewiston, for appellant. Darrel W. Aherin argued.

Clements, Brown & McNichols, P.A., Lewiston, for respondent. John R. Stegner argued.

SUBSTITUTE OPINION

THE COURT'S PRIOR OPINION DATED AUGUST 17, 1995 IS HEREBY WITHDRAWN.

Chief Justice McDEVITT delivered the opinion of the Court with respect to Parts I, II, IV and V(A), in which Justices JOHNSON, TROUT and SILAK, and Justice Pro Tem LEGGETT, joined, and an opinion with respect to Part III and V(B) in which Justices JOHNSON and SILAK, and Justice Pro Tem LEGGETT, joined. Justice TROUT delivered the opinion of the Court with respect to Parts V(C), VI, VII and VIII, in which Justices JOHNSON and SILAK, and Justice Pro Tem LEGGETT, joined. Justice TROUT filed a dissenting opinion from Part III. Chief Justice McDEVITT dissented from Parts V(C), VI, VII and VIII.

Stanley K. Wolfe (Wolfe) appeals the district court's determination that Wolfe's motion for confirmation of arbitration award, costs, attorney fees, and prejudgment inter-

est was barred by *res judicata* (claim preclusion) or lack of jurisdiction and the district court's grant of summary judgment for Farm Bureau Insurance Service Company of Idaho (Farm Bureau) on Wolfe's breach of insurance contract action. This appeal is a consolidation of the two cases decided in district court.

## I.

## FACTS AND PROCEDURE

Wolfe was injured as a passenger in a one car automobile accident on February 27, 1988. The driver/owner of the car, Kathleen Griffin (Griffin), had a $25,000.00 insurance policy. Wolfe made a claim against Griffin, which resulted in Wolfe recovering $25,000.00 from Griffin's insurer for his injuries.

On June 1, 1988, Wolfe presented proof of loss to his insurer, Farm Bureau, and notified them that Wolfe's claim would exceed Griffin's insurance liability limits. Wolfe's insurance policy contained an underinsured motorist clause, which would allow Wolfe to recover those damages from Farm Bureau he would legally be entitled to recover from the underinsured motorist. Since Griffin's policy limit was $25,000.00, Wolfe demanded his insurer, Farm Bureau, pay him the limits of his $300,000.00 insurance policy pursuant to Wolfe's underinsured motorist provision. On October 24, 1990, Farm Bureau rejected Wolfe's claim and offered to pay Wolfe $50,000.00 plus $13,000.00 for additional medical treatment in full settlement of the claim. Wolfe rejected the offer, and on June 13, 1991, Farm Bureau demanded arbitration, as was its right under the insurance contract.

The arbitration hearing was held in December 1991, and on January 2, 1992, the arbitrators awarded Wolfe damages totaling $304,488.55. Deductions were made from Wolfe's award as follows: eighteen percent (18%) for Wolfe's comparative negligence, one percent (1%) for Wolfe's failure to wear a seat belt, and a $25,000.00 deduction for the amount already paid to Wolfe by Griffin's insurer. The net amount of the award, after the deductions, totaled $221,635.72. With the exception of the parties' stipulation to the payment of costs and fees of the arbitrators, the arbitration award was silent on the issue of prejudgment interest, costs, or attorney fees. Within five (5) days of the arbitration award, and prior to any filing of a lawsuit or any application for confirmation of the arbitration award, attorney fees, costs, and prejudgment interest, Farm Bureau paid the amount of the arbitration award in full. Wolfe's counsel signed a Satisfaction of Arbitration Award on January 23, 1992.

On January 22, 1992, Wolfe filed an application for confirmation of the arbitration award and a motion for costs, attorney fees, and prejudgment interest (Case No. 92–88892, "Confirmation I") in district court. The district judge denied the motions on the grounds that the district court lacked both personal and subject matter jurisdiction. No appeal was taken from the decision.

Wolfe obtained personal jurisdiction over all the parties and filed a second application for confirmation of the arbitration award and motion for costs, attorney fees, and prejudgment interest in district court on July 28, 1992 (Case No. 92–91603, "Confirmation II"). The same day, Wolfe filed a breach of insurance contract action against Farm Bureau (Case No. 92–91604). Wolfe sought the same relief in both actions; attorney fees, costs, and prejudgment interest. Farm Bureau filed a motion for summary judgment on the breach of contract claim and a motion to dismiss Confirmation II. The district court granted summary judgment for the breach of contract action and held that the motions in Confirmation II were barred by *res judicata* (claim preclusion) or alternatively were denied for lack of subject matter jurisdiction.

The two cases have been consolidated for this appeal. Wolfe appeals the district court's decision to deny the motions in Confirmation II and its decision to grant Farm Bureau's motion for summary judgment on Wolfe's complaint for breach of insurance contract. Both parties seek attorney fees on appeal.

JOHNSON, TROUT and SILAK, JJ., and Justice Pro Tem LEGGETT, **concur.**

## II.

## ISSUES ON APPEAL

A. Whether the district court erred in determining that it lacked subject matter jurisdiction to confirm Wolfe's arbitration award and award costs, pre-judgment interest, and attorney fees.

B. Whether the district court erred in determining that Wolfe's application for confirmation of the arbitration award, costs, prejudgment interest, and attorney fees was barred by the doctrine *res judicata.*

C. Whether Wolfe is entitled to costs, prejudgment interest,. and attorney fees in his motion for confirmation of the arbitration award in Confirmation II or in his breach of contract action.

D. Whether the district court erred in granting summary judgment for Farm Bureau in Wolfe's breach of contract action.

E. Whether Wolfe or Farm Bureau is entitled to attorney fees on appeal.

JOHNSON, TROUT and SILAK, JJ., and Justice Pro Tem LEGGETT, **concur.**

## III.

## SUBJECT MATTER JURISDICTION

The district court dismissed Wolfe's confirmation motion in Confirmation II and Wolfe's application for costs, prejudgment interest, and attorney fees on the ground that the court lacked subject matter jurisdiction. We conclude that the district court had subject matter jurisdiction to confirm the arbitration award and to award costs, prejudgment interest, and attorney fees.

The Idaho Legislature has granted parties arbitration access to the courts to seek confirmation of an arbitration award. I.C. § 7–911. Idaho Code § 7–911 provides:

> Upon application of a party, the court *shall* confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 7–912 and 7–913, Idaho Code.

I.C. § 7–911 (emphasis added). Once a valid arbitration award is made, then upon the application of a party for confirmation of the award, the award must be confirmed, unless grounds are urged for vacating, modifying, or correcting the award. I.C. § 7–911; *Landmark v. Mader Agency, Inc.,* 126 Idaho 74, 76, 878 P.2d 773, 775 (1994). Once an arbitration award is confirmed by the court, it becomes enforceable as any other judgment or decree. I.C. § 7–914. The court obtains its jurisdiction to enter judgment on and enforce any arbitration award pursuant to I.C. § 7–917.

Farm Bureau's payment in full of the arbitration award did not preclude Wolfe from seeking confirmation of the award. The confirmation request after payment of the award does not create a moot question between Wolfe and Farm Bureau and does not divest jurisdiction from the court to confirm the award.

Although time limitations are imposed for vacating, modifying, or correcting an award, no limitations exist in the Idaho Uniform Arbitration Act (UAA) which restrict the time as to when an application for confirmation of an arbitration award may be filed. The district court has jurisdiction to confirm Wolfe's arbitration award and shall confirm the arbitration award on remand.

JOHNSON and SILAK, JJ., and Justice Pro Tem LEGGETT, **concur.**

TROUT, J., **dissents.**

## IV.

## THE DOCTRINE OF *RES JUDICATA*

The district court alternatively dismissed Confirmation II because it held Wolfe's claim was barred by the doctrine of *res judicata* (claim preclusion). The rule of *res judicata* is that "in an action between the same parties upon the same claim or demand, the former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim but also as to every matter which

might and should have been litigated in the first suit." *Magic Valley Radiology, P.A. v. Kolouch,* 123 Idaho 434, 436–37, 849 P.2d 107, 109–10 (1993) (*quoting Joyce v. Murphy Land & Irrigation Co.,* 35 Idaho 549, 553, 208 P. 241, 242–43 (1922)). *Res judicata* precludes the relitigation of the same claim even if there is new evidence to support it. The review of a trial court's ruling on whether an action is barred by *res judicata* is a question of law over which this Court has de novo review. *Kawai Farms, Inc. v. Longstreet,* 121 Idaho 610, 613, 826 P.2d 1322, 1325 (1992).

Wolfe filed an application for confirmation in Confirmation I with the district court, which was dismissed for lack of personal and subject matter jurisdiction. Wolfe subsequently cured the personal jurisdiction defect and filed a second application for confirmation of the arbitration award and motion for attorney fees, costs, and prejudgment interest in Confirmation II. The district court held that Confirmation II was barred by the doctrine of *res judicata* because it had ruled in Confirmation I that it did not have subject matter jurisdiction over Wolfe's claim.

The district court erred when it held that Wolfe's motion for confirmation of arbitration award, attorney fees, costs, and prejudgment interest in Confirmation II was barred by *res judicata.* The parties agree that the district court lacked personal jurisdiction in Confirmation I. Because of the lack of personal jurisdiction, the district court did not have the authority to rule on any substantive issues, such as subject matter jurisdiction. Wolfe's confirmation motion in Confirmation II was not barred by *res judicata.*

JOHNSON, TROUT and SILAK, JJ., and Justice Pro Tem LEGGETT, **concur.**

## V.

## COSTS, PREJUDGMENT INTEREST, AND ATTORNEY FEES IN CONFIRMATION II AND IN BREACH OF CONTRACT ACTION

### A. Costs and Prejudgment Interest

In his confirmation motion in Confirmation II and in his breach of insurance contract action, Wolfe sought costs, prejudgment interest, and attorney fees. Section 7–910 of the UAA grants authority to the arbitrators to award "expenses and fees, together with other expenses," incurred during arbitration, absent a contrary agreement between the parties. "Other expenses" include both prejudgment interest and costs of arbitration. Because costs and prejudgment interest are paid only as provided in the arbitration award, they are matters which must be brought during arbitration. Wolfe's failure to claim costs and prejudgment interest during arbitration precludes his recovery of costs and prejudgment interest outside of arbitration. Therefore, Wolfe may not recover costs and prejudgment interest incurred during arbitration in his motion for confirmation of the arbitration award or in his breach of insurance contract action.

JOHNSON, TROUT and SILAK, JJ., and Justice Pro Tem LEGGETT, **concur.**

### B. Attorney Fees Under the Confirmation Motion

Attorney fees, unlike costs and prejudgment interest, may not be awarded by the arbitrator. I.C. § 7–910; *Bingham County Comm'n v. Interstate Elec. Co.,* 105 Idaho 36, 42, 665 P.2d 1046, 1052 (1983) (holding that I.C. § 7–910 specifically excludes attorney fees from the scope of power given to the arbitrator to award expenses and fees incurred during arbitration). However, this Court has held that the limit on the arbitrator's power to award attorney fees in arbitration does not restrict the court's power in a lawsuit filed to collect amounts due under an insurance policy to award attorney fees incurred during arbitration pursuant to I.C. § 41–1839. *See Emery v. United Pac. Ins. Co.,* 120 Idaho 244, 246, 815 P.2d 442, 444 (1991).

Wolfe argues that he is entitled to attorney fees incurred during arbitration under his motion to the district court for confirmation of the arbitration award. Wolfe contends that when an insured is required to enter into arbitration under his insurance contract,

due to his insurance company's failure to pay what is justly due, then he is entitled to attorney fees under Idaho Code § 41–1839. Wolfe cites *Emery* and *Walton v. Hartford Ins. Co.,* 120 Idaho 616, 818 P.2d 320 (1991), as authority for his argument. We disagree with Wolfe's assertions. Neither *Emery* nor *Walton* is helpful or instructive to the resolution of the present case.

Idaho Code 41–1839 provides for the award of attorney fees if the insurance company fails to pay an amount justly due under the policy within thirty days after proof of loss. But, before an insured can recover attorney fees under the statute, an action in court must be brought to recover under the terms of the insurance policy. I.C. § 41–1839; *see Pendlebury v. Western Casualty & Sur. Co.,* 89 Idaho 456, 465, 406 P.2d 129, 134 (1965) ("An insurer which fails for a period of thirty days after proof of loss to pay the person entitled thereto the amount justly due under the policy, shall in any action thereafter pay such further amount as the court shall adjudge reasonable as attorney's fees in such action."). In both *Emery* and *Walton,* suits were filed in court prior to arbitration, which brought those cases squarely within the purview of I.C. § 41–1839. In the present case, a motion for confirmation of an arbitration award is being used as the vehicle to assert a claim for attorney fees where no prior court action was filed.

No Idaho Supreme Court case has previously addressed the issue of whether a motion for confirmation of an arbitration award constitutes an action in court to recover attorney fees incurred in arbitration under I.C. § 41–1839. Not only is this a case of first impression, but additionally we are presented with conflicting provisions of the Idaho Code, neither of which contemplated the present situation; I.C. § 41–1839 and the UAA, I.C. §§ 7–901–922.

In 1961, the Idaho Legislature enacted the Idaho Insurance Code. I.C. §§ 41–101 to 5006. The Idaho Insurance Code provides for attorney fees when an insured is required to file a court action to recover under the terms of the insurance policy. I.C. § 41–1839. Under the UAA, I.C. §§ 7–901–922, which was enacted by the Idaho Legislature in 1975, attorney fees are not awardable by the arbitrators during arbitration. I.C. § 7–910. The Idaho legislature did not reconcile the UAA with the Idaho Insurance Code or address how to resolve the situation where an insurance contract provides for arbitration under the policy.

Where the statutory language is unambiguous, this Court is to give effect to the clear expressed intent of the legislature and is not to engage in statutory construction. *Ada County Assessor v. Roman Catholic Diocese,* 123 Idaho 425, 428, 849 P.2d 98, 101 (1993). Pursuant to the UAA, this Court is required to construe the provisions of the UAA so as to "effectuate its general purpose to make uniform the law of those states which enact it." I.C. § 7–921. Since no assistance is provided by the legislature as to how to reconcile these provisions of the Idaho-Code, this Court must turn to its rules of statutory construction. Statutory interpretation begins with the literal words of the statute, giving the language of the statute its plain, obvious, and rational meanings. *Grand Canyon Dories v. Tax Comm'n,* 124 Idaho 1, 5, 855 P.2d 462, 466 (1993).

Section 41–1839, of the Idaho Insurance Code provides in relevant part:

> (1) Any insurer issuing any policy, certificate or contract of insurance, surety, guaranty or indemnity of any kind or nature whatsoever, which shall fail for a period of thirty (30) days after proof of loss has been furnished as provided in such policy, certificate or contract, to pay to the person entitled thereto the amount justly due under such policy, certificate or contract, shall in any action thereafter brought against the insurer in any court in this state for recovery under the terms of the policy, certificate or contract, pay such further amount as the court shall adjudge reasonable as attorney's fees in such action.
>
> (2) In any such action, if it is alleged that before the commencement thereof, a tender of the full amount justly due was made to the person entitled thereto, and such amount is thereupon deposited in the court, and if the allegation is found to be

true, or if it is determined in such action that no amount is justly due, then no such attorney's fees may be recovered.

I.C. § 41–1839. Idaho Code § 7–911 states:

> **Confirmation of an award.**—Upon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 7–912 and 7–913, Idaho Code.

I.C. § 7–911. Idaho Code § 7–914 provides:

> **Judgment or decrees of award.**—Upon the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree. Costs of the application and of the proceedings subsequent thereto, and disbursements may be awarded by the court.

I.C. § 7–914.

On its face Idaho Code § 41–1839 requires that an action in court be filed. The Idaho Rules of Civil Procedure mandate that "[t]here shall be one form of action to be known as 'civil action.'" I.R.C.P. 2; *see also* Idaho Const. art. V, § 1. Rule 3(a) of the Idaho Rules of Civil Procedure requires that a civil action commence with the filing of a complaint, petition, or application with the court and that no dispute may be submitted to the court without the filing of a complaint, petition, or application. I.R.C.P. 3(a). A confirmation application is presented to the court through a motion or application for the purpose of confirming an arbitration award. An application seeking the confirmation of an arbitration award is not an action in court to recover attorney fees pursuant to I.C. § 41–1839. Wolfe filed a motion for confirmation of arbitration award, pursuant to I.C. § 7–911, seeking attorney fees. Because the confirmation motion is not an action in court pursuant to I.C. § 41–1839, Wolfe is not entitled to attorney fees.

JOHNSON and SILAK, JJ., and Justice Pro Tem LEGGETT, **concur.**

TROUT, J., **concurs in the result.**

### C. Attorney Fees Under Wolfe's Claim for Breach of Contract

We also address Wolfe's claim that he is entitled to attorney fees in his breach of contract suit against Farm Bureau. We hold that the legislature did not, through the enactment of I.C. § 41–1839, grant parties an independent right of action simply for the recovery of attorney fees incurred in arbitration, when such fees clearly cannot be awarded as part of the arbitration.

Reciting again, in pertinent part, I.C. § 41–1839 provides:

> Allowance of attorney fees in suits against insurers.—(1) Any insurer issuing any policy ... which shall fail for a period of thirty (30) days after proof of loss has been furnished as provided in such policy, certificate or contract, to pay to the person entitled thereto the amount justly due under such policy, certificate or contract, shall in any action thereafter brought against the insurer in any court in this state *for recovery under the terms of the policy,* certificate or contract, pay such further amount as the court shall adjudge reasonable *as attorney fees in such action.* (emphasis added).

Wolfe contends that the terms of § 41–1839 became an implied term of his insurance policy. *E.g., Emery,* 120 Idaho at 247, 815 P.2d at 445. Therefore, according to Wolfe, his action to recover attorney fees under that provision is technically an action "for recovery under the terms of the policy," and he is thus entitled to an award of attorney fees pursuant to § 41–1839. While we agree that Wolfe's breach of contract suit is a "court action," we do not agree that it is a "court action" *within the meaning of § 41–1839.*

We have identified the purpose of § 41–1839 as providing an incentive for insurers to settle just claims in order to reduce the amount of litigation and the high costs associated with it.[1] *Hansen v. State Farm Mut.*

1. Oddly enough, it appears that the legislature excluded awards of attorney fees in arbitration from I.C. § 7–910 for precisely the same reason: to reduce the amount of litigation by encouraging the use of arbitration. *See Bingham County Comm'n v. Interstate Elec. Co.,* 105 Idaho 36, 665

*Auto. Ins. Co.,* 112 Idaho 663, 671, 735 P.2d 974, 982 (1987). In light of this purpose, we have construed § 41–1839 as limiting the award of attorney fees to those instances where:

> (1) [the insured] has provided proof of loss as required by the insurance policy; (2) the insurance company fails to pay an amount justly due under the policy within thirty days of such proof of loss; and (3) the insured "thereafter" *is compelled to bring suit to recover for his loss.*

*Id.* (emphasis added). *See also Reynolds v. American Hardware Mut. Ins. Co.,* 115 Idaho 362, 366, 766 P.2d 1243, 1247 (1988) (same); *Emery,* 120 Idaho at 247, 815 P.2d at 445. (holding that an award of fees under § 41–1839 was mandatory where an insured is "*compelled to file a lawsuit by reason of an insurer's refusal to pay* " to recover for a loss under her insurance contract); *Walton,* 120 Idaho at 620, 818 P.2d at 324 (same).

Thus, the legislature clearly contemplated the filing of a lawsuit to recover for a covered loss in order to trigger the attorney fee provisions of I.C. § 41–1839. This is not such a lawsuit. Although it might be desirable to permit an award of attorney fees under circumstances where a dispute is arbitrated after an insurer has refused to pay a claim justly owing, the express terms of I.C. § 7–910 simply do not allow for such an award. Any change in this clear statutory mandate is the responsibility of the legislature, not the Court.

Moreover, I.C. § 41–1839(2) clearly prohibits an award of attorney fees under § 41–1839(1) in this case. Section 41–1839(2) provides:

> In any [action falling within the terms of § 41–1839(1) ], *if it is alleged that before the commencement thereof, a tender of the full amount justly due was made to the person entitled thereto,* and such amount is thereupon deposited in the court, and if the allegation is found to be true, or if it is determined in such action that no amount is justly due, *then no such attorney's fees may be recovered.*

As Farm Bureau points out, the amount "justly due" cannot include an award of attorney fees under § 41–1839(1). Where an insurer fails to pay an amount "justly due," subsection (1) mandates that the insurer shall pay "such *further amount* as the court shall adjudge reasonable as attorney's fees in such action." Stated differently, the amount "justly due" within the meaning of § 41–1839 is the amount determined to be properly owing by the insurer to the insured, excluding the sum that might additionally be awarded as attorney fees under that provision. Since this amount was tendered prior to commencement of Wolfe's breach of contract action, I.C. § 41–1839(2) mandates that "no such attorney's fees may be recovered." Thus we affirm the district court's determination that Wolfe is not entitled to his attorney fees incurred during arbitration, either in the confirmation case or the breach of contract action.

JOHNSON and SILAK, JJ., and Justice Pro Tem LEGGETT, **concur.**

McDEVITT, C.J., **dissents.**

## VI.

## SUMMARY JUDGMENT

In reviewing the district court's grant of summary judgment, this court uses the same standard as used by the district court in ruling on the motion for summary judgment. *East Lizard Butte Water Corp. v. Howell,* 122 Idaho 679, 681, 837 P.2d 805, 807 (1992). This Court is to review the pleadings, depositions, and admissions on file, together with the affidavits, to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to a judgment as a matter of law. I.R.C.P. 65(c); *Farm Credit Bank of Spokane v. Stevenson,* 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994); *Harris v. Department of Health & Welfare,* 123 Idaho 295, 298, 847 P.2d 1156, 1159 (1992). This court must draw all reasonable inferences in favor

P.2d 1046 (1983). The legislature was surely aware of the widespread use of arbitration clauses in contracts of insurance at the time it enacted § 7–910 but did not see fit to exempt insurers from this particular benefit of arbitration even though it could easily have done so.

of the party opposing the motion when reviewing the record to determine the existence of a genuine issue of material fact. *Tingley v. Harrison,* 125 Idaho 86, 89, 867 P.2d 960, 963 (1994). When a party is faced with a motion for summary judgment supported by an evidentiary presentation, the non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial." *Stevenson,* 125 Idaho at 273, 869 P.2d at 1368 (quoting *Badell v. Beeks,* 115 Idaho 101, 102, 765 P.2d 126, 127 (1988)).

The district court granted summary judgment in favor of Farm Bureau on various grounds. The district court held that Idaho Code §§ 7–911, –914 are inapplicable where a lawsuit has not first been filed prior to arbitration and where the arbitration award was paid before the court could confirm the award. The district court also held that the contract action was not *res judicata.* The district court concluded that Wolfe was not entitled to costs, prejudgment interest, or attorney fees.

As discussed above, Wolfe is not entitled to costs, prejudgment interest or attorney fees incurred during arbitration. We affirm the decision of the district court granting summary judgment in favor of Farm Bureau, although on somewhat different grounds.

JOHNSON and SILAK, JJ., and Justice Pro Tem LEGGETT, **concur.**

McDEVITT, C.J., **dissents.**

## VII.

## ATTORNEY FEES ON APPEAL

Wolfe argues that he is entitled to attorney fees on appeal pursuant to I.A.R. 40, 41(c) and I.C. § 41–1839. Wolfe asserts that he was required to file suit against Farm Bureau to recover amounts due him under the terms of his insurance contract, and as such he should be awarded attorney fees incurred in the appellate process if he prevails on any issue on appeal.

Idaho Appellate Rule 40 allows costs to the prevailing party. Costs under I.A.R. 40 are awarded to Farm Bureau because it prevailed on appeal.

Attorney fees on appeal are permitted under I.C. § 41–1839 if it is determined that an amount is justly due under the insurance contract. *Halliday v. Farmers Ins. Exch.,* 89 Idaho 293, 301, 404 P.2d 634, 639 (1965). For the reasons indicated above we hold that Wolfe is not entitled to attorney fees on appeal under I.C. § 41–1839.

Farm Bureau argues that it is entitled to attorney fees on appeal on the grounds that Wolfe filed Confirmation II and an action for breach of contract without foundation rather than appealing Confirmation I. Confirmation I was dismissed for lack of personal and subject matter jurisdiction. There was no dispute that the court lacked personal jurisdiction. Rather than make a frivolous appeal to challenge a decision that Wolfe agreed with, Wolfe cured the defect in jurisdiction and filed a second motion for confirmation. Wolfe's filing Confirmation II and the breach of contract action were not without foundation, although we ultimately disagreed with Wolfe's right to attorney fees. No attorney fees on appeal are awarded to Farm Bureau.

JOHNSON and SILAK, JJ., and Justice Pro Tem LEGGETT, **concur.**

McDEVITT, C.J., **dissents.**

## VIII.

## CONCLUSION

We affirm the district court's determination that Wolfe is not entitled to costs, prejudgment interest, or attorney fees under his motion for confirmation of the arbitration award or his breach of contract action. We affirm the order of the district court granting summary judgment. We remand this case solely for the district court to confirm the arbitration award.

JOHNSON and SILAK, JJ., and Justice Pro Tem LEGGETT, **concur.**

McDEVITT, C.J., **dissents.**

**408**

TROUT, Justice, dissenting from Part III.

Because I believe that there was nothing for the district court to confirm, I must respectfully dissent from this portion of the opinion. As the Court noted, confirmation of an arbitration award makes such an award enforceable as any other judgment or decree. *See* I.C. §§ 7–911–914. The clear purpose of these provisions is to provide a party prevailing in arbitration with those remedies available to a judgment creditor. *See, e.g., Bingham County Comm'n v. Interstate Elec. Co.,* 108 Idaho 181, 697 P.2d 1195 (Ct.App.1985) (entry of judgment upon confirmation of an arbitration award serves the purpose of allowing court enforcement of the terms of the award). However, where an award has been fully satisfied, confirmation of that award would give rise to a judgment based solely on a non-existent debt. In such an instance, there is no need to provide any enforcement remedies. Moreover, I am aware of no authority for the proposition that a court can entertain an action on a *judgment* that has been extinguished through satisfaction, and I do not believe that arbitration awards are entitled to any different or more favorable treatment.

In the present case, Farm Bureau paid the arbitration award in full within five days of its entry and prior to the commencement of this action. Accordingly, it was unnecessary for the district court to place its imprimatur on that award pursuant to I.C. § 7–911. Thus, while I do not agree with the district court that it lacked subject matter jurisdiction to confirm the award in arbitration, I do agree that it correctly refused to enter a meaningless judgment on an award that had already been fully satisfied and that had, for all practical purposes, ceased to exist.