932 P.2d 373

Gary STORRER d/b/a Gary's Westland Motors, Plaintiff–Appellant,

v.

KIER CONSTRUCTION CORPORATION, a Utah corporation, Defendant–Respondent.

No. 22724.

Court of Appeals of Idaho.

Feb. 19, 1997.

Benoit, Alexander, Sinclair, Harwood & High, Twin Falls, for plaintiff-appellant. J. Walter Sinclair, argued.

Ellsworth, May, Sudweeks, Stubbs, Ipsen & Perry, Twin Falls, for defendant-respondent. Bart D. Browning, argued.

WALTERS, Chief Judge.

Gary Storrer d/b/a Gary's Westland Motors (Storrer) appeals from the dismissal of his action to recover attorney fees incurred in the arbitration of his contract dispute with Kier Construction Corporation (Kier). We conclude that because attorney fees are not awardable by the arbitrators pursuant to I.C. § 7–910 and because Storrer's suit for fees in the district court was not an action to recover on a "commercial transaction" contemplated by I.C. § 12–120(3), the district court properly dismissed the action for failure to state a claim. Accordingly, we affirm the order dismissing the action.

A contract dispute between Storrer and Kier regarding the installation of asphalt by Kier at the site of Storrer's new automobile dealership was resolved through arbitration pursuant to the terms of the parties' contract. Article 4.5.1 of the contract provided that "[A]ny controversy or Claim arising out of or related to the Contract, or breach thereof, shall be settled by arbitration. . . ." In the arbitration in this case, the arbitrator found that Kier had breached the contract and held Kier liable to Storrer in the amount of $72,447.25 for the necessary cost of repairs to the asphalt.

On October 20, 1995, Storrer filed an action in the district court seeking to recover costs and attorney fees incurred in the arbitration proceedings. The complaint alleged that Kier's breach of the parties' contract resulted in damages, namely costs and attorney fees, for which Storrer had not been compensated in the arbitration. The complaint asserted that Storrer was entitled to fees and costs as a direct and proximate result of Kier's breach and pursuant to I.C. § 12–120(3) allowing an award of fees "in any commercial transaction." [1]

In response, Kier filed an I.R.C.P. 12(b)(6) motion to dismiss the complaint for failure to state a claim. Each party submitted a memorandum in support of its position. Subsequent to a hearing on the motion to dismiss, the district court issued its memorandum decision granting Kier's motion. From the district court's dismissal order of January 26, 1996, Storrer appealed.

In reviewing a dismissal for failure to state a cause of action pursuant to I.R.C.P. 12(b)(6), we apply the same standard as that upon a grant of a motion for summary judgment. The nonmoving party is entitled to have all inferences from the record viewed in his favor, and only then may the question be asked whether a claim for relief has been stated. *Idaho Schools for Equal Educ. Opportunity v. Evans*, 123 Idaho 573, 578, 850 P.2d 724, 729 (1993).

The crux of Storrer's argument on appeal is that attorney fees incurred during arbitration can be awarded in a subsequent independent action filed in the district court by the prevailing party in the arbitration. Disputing the district court's conclusion that fees from arbitration are not recoverable because the parties did not expressly agree to a provision for the recovery of attorney fees, Storrer argues that the district court erred in not applying I.C. § 12–120(3) to authorize an award of attorney fees in this case.

A provision in a written contract to submit to arbitration any controversy arising between the parties is valid and enforceable. I.C. § 7–901. Unless otherwise provided in the agreement to arbitrate, expenses, not including counsel fees, incurred in the conduct of the arbitration shall be paid as provided in the award. I.C. § 7–910. Pursuant to I.C. § 7–910, therefore, the arbitrator is precluded from granting fees as part of the arbitration award. In Idaho, an award of attorney fees is only proper where authorized by statute or contract or if one of the

---

1. I.C. § 12–120(3) states:

   In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

   The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes. . . .

two common law exceptions applies. I.R.C.P. 54(e)(1); *Allison v. John M. Biggs, Inc.*, 121 Idaho 567, 568, 826 P.2d 916, 917 (1992); *Idaho Power Co. v. Idaho Pub. Utils. Comm'n*, 102 Idaho 744, 751, 639 P.2d 442, 449 (1981). In this case, the district court examined the parties' contract and determined that it did not specifically provide for an award of attorney fees incurred during arbitration.

Citing *Emery v. United Pacific Ins. Co.*, 120 Idaho 244, 815 P.2d 442 (1991), Storrer argues that the proscription against an award of attorney fees by the arbitrator does not operate as a bar to an award of such fees by the district court. Storrer further argues that because his claim for attorney fees under I.C. § 12–120(3) was not a claim or controversy subject to arbitration, he was entitled to bring an action in the district court to recover the attorney fees incurred in the arbitration. Storrer maintains that a right to recover attorney fees under I.C. § 12–120(3) is implied into every contract involving a commercial transaction, and on that basis, the district court should have allowed Storrer, as the prevailing party in the arbitration, to proceed with an action to recover fees incurred in the arbitration.

In dismissing Storrer's complaint, the district court rejected Storrer's contention that a right to recover attorney fees under I.C. § 12–120(3) is implied into every contract involving a commercial transaction. The district court followed the analysis found in *Wolfe v. Farm Bureau Ins. Co.*, 128 Idaho 398, 913 P.2d 1168 (1996), where Wolfe sought, unsuccessfully, to have the terms of I.C. § 41–1839 declared an implied term of his insurance policy and the basis for recovery of attorney fees incurred in the arbitration mandated by the policy.

In *Wolfe*, the Idaho Supreme Court construed I.C. § 41–1839 and concluded that its attorney fee provisions were triggered by the filing of a lawsuit to recover an insured's covered loss. *Id.* at 405, 913 P.2d at 1176. The Court held that Wolfe's application for confirmation of the arbitration award in the district court, however, was not a "court action within the meaning of I.C. § 48–1839,"

and denied recovery of attorney fees in Wolfe's suit. *Id.* at 404, 913 P.2d at 1174.

■ In analyzing I.C. § 12–120(3) as the basis for an award of attorney fees, the district court in Storrer's case reasoned:

[S]uch a suit, even though now properly a civil action, no longer encompasses a commercial transaction as defined by I.C. § 12–120(3). The integral portion of the Plaintiff's claim that involved the commercial transaction was settled at arbitration and is not brought forward to this case.

. . .

The commercial transaction associated with the Plaintiff was the gravamen of the claim that was settled in arbitration. It is not the gravamen of this suit, nor is it the basis upon which the Plaintiff is attempting to recover. As a result, the "12–120(3)" provision of the Plaintiff's contract would no longer be applicable.

This analysis is also consistent with our prior decision clarifying the language of I.C. § 12–120 after the addition in 1986 of section 3. For purposes of allowing an award of attorney fees under I.C. § 12–120(3), we held that "a lawsuit still must seek resolution of a dispute arising from a commercial *transaction* between the parties." *Idaho Newspaper Foundation v. Cascade*, 117 Idaho 422, 424, 788 P.2d 237, 239 (Ct.App.1990). Given that the breach of contract claim was redressed in the arbitration proceedings, the district court properly found that Storrer's complaint did not deal with a "commercial transaction" as contemplated by I.C. § 12–120(3).

■ Nor do we find any basis to conclude that the legislature, in enacting I.C. § 12–120(3), intended to grant parties an independent right of action simply for the recovery of attorney fees incurred in arbitration, when such fees clearly cannot be awarded as part of the arbitration. *See Wolfe*, 128 Idaho at 405, 913 P.2d at 1175.

Without a basis upon which an award of attorney fees could be made, the district court did not err in granting Kier's I.R.C.P. 12(b)(6) motion. We affirm the district

court's dismissal order. Costs to respondent; no attorney fees are awarded.

LANSING and PERRY, JJ., concur.