IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 35321

THE GREASE SPOT, INC., )
)
        Plaintiff/Respondents, )
v. ) Boise, November 2009 Term
)
RICHARD AND SHARRY HARNES, ) 2010 Opinion No. 10
husband and wife, )
) Filed: February 1, 2010
        Defendants/Appellants. )
) Stephen W. Kenyon, Clerk
and )
)
BAKER COMMODITIES, INC., a Delaware )
Corporation, )
)
        Defendants. )

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Hon. Charles W. Hosack, District Judge.

The decision of the district court is <u>affirmed</u>. Appellants' request for attorneys fees on appeal is denied. Costs are awarded to respondents.

Ramsden & Lyons, LLP, Coeur d'Alene, for appellants. Michael Ramsden argued.

Paine Hamblen LLP, Coeur d'Alene, for respondent. Michael Hague argued.

_____

W. JONES, Justice

## I. NATURE OF THE CASE

Appellants Richard and Sherry Harnes request attorney fees they incurred in compelling, defending, and confirming an arbitration against The Grease Spot, Inc. ("Grease Spot") regarding claims arising from an agreement to purchase the company. The Harneses ask this Court to reverse the district court's decision denying them most of the attorney fees they incurred before the arbitration and all of the fees they incurred during and after the arbitration.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Grease Spot is a small company that processes restaurant oil for use in food products and biodiesel fuel. In 2000, Sherry Harnes sold her shares in Grease Spot to co-owner Scott

Wessling, making him owner of nearly all of Grease Spot's outstanding stock. The Agreement to Purchase ("purchase agreement"), which was binding on both Sherry and her husband Richard Harnes, contained an arbitration provision but no provision for attorney fees in the arbitration.[1]

In 2005, Grease Spot filed a complaint against the Harneses alleging various violations of the purchase agreement. The Harneses moved to compel arbitration, which Grease Spot opposed. The parties underwent several depositions and other discovery, after which the court granted an order staying litigation and compelling arbitration. After arbitration proceedings, the arbitrator dismissed all of Grease Spot's claims against the Harneses. The Harneses subsequently obtained an order confirming the arbitration award as well as a judgment on the arbitration. They then requested an award of attorney fees incurred when compelling, defending, and confirming the arbitration. The district court awarded 16.9 hours of attorney fees, representing only some of the fees incurred at the outset in defending the litigation. The court stated it was only awarding attorney fees "incurred in compelling arbitration." The court refused to award attorney fees from the actual arbitration proceedings because there was no agreement between the parties regarding fees. The court also refused to grant fees incurred after the arbitration, reasoning that an award confirmation is a summary proceeding that does not entitle the prevailing party to fees under I.C. § 7-914.

The Harneses contend that they are entitled to all attorney fees they incurred both during litigation and during arbitration. They rely on I.C. § 12-120(3), which states that the prevailing party is entitled to attorney fees in civil suits regarding commercial transactions. They further argue that it is inconsistent for litigants in commercial transaction cases to be denied attorney fees incurred in arbitration but for insureds to receive such fees in arbitrations against their insurers under I.C. § 41-1839. Grease Spot responds that the Legislature had specific policy reasons for treating insureds differently in arbitration. It further maintains that the Uniform Arbitration Act (UAA) bars awards of attorney fees incurred before and during arbitration unless the arbitration agreement between the parties allows them and that the district court had the discretion to deny attorney fees incurred after arbitration because the Harneses only prevailed in litigation with respect to compelling the arbitration proceedings.

---

[1] Both Sherry and Richard Harnes are parties to the sale contract, even though Sherry was the sole owner of the stock. Richard Harnes's relationship to the contract is therefore unclear.

## III. Issues on Appeal

**1.** Whether the Harneses are entitled to attorney fees incurred during the arbitration proceedings.

**2.** Whether the Harneses are entitled to all of their attorney fees incurred in confirming the arbitration award.

**3.** Whether the Harneses are entitled to all of their attorney fees incurred before the arbitration.

**4.** Whether the Harneses are entitled to attorney fees on appeal.

## IV. Standard of Review

The interpretation of a statute is a question of law subject to free review. *Harrison v. Binnion*, 147 Idaho 645, ---, 214 P.3d 631, 635 (2009). "It must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written." *Id.* (quoting *McLean v. Maverik Country Stores, Inc.*, 142 Idaho 810, 813, 135 P.3d 756, 759 (2006)). In construing an ambiguous statute, the Court may examine the language used, the reasonableness of the proposed interpretations, and the policy behind the statute. *State v. Kimball*, 145 Idaho 542, 544, 181 P.3d 468, 470 (2008).

## V. Analysis

### A. The Harneses Are Not Entitled to Attorney Fees Incurred During Arbitration

Idaho Code § 12-120(3) provides that "in any civil action . . . in any commercial transaction . . . the prevailing party shall be allowed a reasonable attorney's fee." Similarly, § 41-1839 of the insurance code states:

> Any insurer issuing any policy, certificate or contract of insurance, surety, guaranty or indemnity of any kind or nature whatsoever, which shall fail for a period of thirty (30) days after proof of loss has been furnished as provided in such policy, certificate or contract, to pay to the person entitled thereto the amount justly due under such policy, certificate or contract, shall *in any action* thereafter brought against the insurer in any court in this state for recovery under the terms of the policy, certificate or contract, pay such further amount as the court shall adjudge reasonable as attorney's fees in such action.

I.C. § 41-1839 (emphasis added). I.C. § 7-910 of the UAA specifically prohibits awards for fees incurred in arbitration proceedings.[2] *Bingham County Comm'n v. Interstate Elec. Co.*, 105 Idaho

---

[2] Idaho Code § 7-910 provides:

36, 42–43, 665 P.2d 1046, 1052–53 (1983). Nonetheless, this Court has interpreted § 41-1839 to mandate that attorney fees incurred during arbitration be awarded to parties pursuing claims under insurance policies against their insurers, even though that provision does not specifically address arbitrations. *Emery v. United Pac. Ins. Co.*, 120 Idaho 244, 247, 815 P.2d 442, 445 (1991). The Harneses contend that this Court's differing applications of I.C. § 12-120 to commercial-transaction arbitrations and § 41-1839 to insurance-claim arbitration would create an inconsistency. They argue that because the two statutes are *in pari materia*, they should be interpreted in the same way so as to permit awards of attorney fees incurred during arbitration.

The Harneses are correct that it is inconsistent for this Court to prohibit arbitration fees in commercial litigation under § 12-120(3) but to permit insureds to collect such fees under § 41-1839. Both provisions mandate fee awards only for civil "actions." I.C. §§ 12-120(3), 41-1839. Barring arbitration fees only in commercial transactions on the rationale that commercial litigants are not bound by adhesion contracts, as Grease Spot suggests, would be read to suggest that parties should be allowed to collect arbitration fees in disputes over adhesion contracts other than insurance policies such as credit card agreements or other consumer contracts. This inconsistency compels us to reconsider our prior rulings granting attorney fees for arbitrations in disputes over insurance policies.

"[T]he rule of stare decisis dictates that we follow [controlling precedent], unless it is manifestly wrong, unless it has proven over time to be unjust or unwise, or unless overruling it is necessary to vindicate plain, obvious principles of law and remedy continued injustice." *Reyes v. Kit Mfg. Co.*, 131 Idaho 239, 240, 953 P.2d 989, 990 (1998) (quoting *Houghland Farms, Inc. v. Johnson*, 119 Idaho 72, 77, 803 P.2d 978, 983 (1998)). While the doctrine of stare decisis is an important principle that ensures stability in the law, "when the judicial interpretation of a statute is manifestly wrong, stare decisis does not require that we continue an incorrect reading of the statute." *Greenough v. Farm Bureau Mut. Ins. Co.*, 142 Idaho 589, 593, 130 P.3d 1127, 1131 (2006).

---

> Unless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award.

This Court has repeatedly interpreted this provision to prohibit courts from modifying arbitration awards to provide for attorney fees. *E.g. Barbee v. WMA Sec., Inc.*, 143 Idaho 391, 396, 146 P.3d 657, 662 (2006); *Wolfe v. Farm Bureau Ins. Co.*, 128 Idaho 398, 404, 913 P.2d 1168, 1174 (1996).

4

This Court has long held that § 41-1839 implies by law into every insurance contract a provision granting the insured attorney fees incurred during arbitration when seeking payments due under an insurance policy. *Emery*, 120 Idaho at 247, 815 P.2d at 445; *see also Pendlebury v. Western Cas. & Sur. Co.*, 89 Idaho 456, 470, 406 P.2d 129, 137 (1965) ("[I]t is axiomatic that the obligation of I.C. § 41-1839 became part and parcel of the contract of insurance to the same effect as though incorporated therein."). In *Emery*, this Court specifically affirmed that insureds were entitled to arbitration fees as if the term were incorporated into their policies. 120 Idaho at 247, 815 P.2d at 445. *Emery* also held that, under I.C. § 28-22-104, prejudgment interest would begin accruing against the insurance company for wrongfully withheld payments even before any payment was due on the policy. *Id.* at 246, 815 P.2d at 446; *see also Brinkman v. Aid Ins. Co.*, 115 Idaho 346, 353–54, 766 P.2d 1227, 1234–35 (1988) (stating that the insurance company's duty to pay accrued once the insured was involved in an accident). This Court so held even though § 28-22-104(1) only allows prejudgment interest "from the date the sum became due in cases where the amount claimed, even though not liquidated, is capable of mathematical computation." *Dillon v. Montgomery*, 138 Idaho 614, 617, 67 P.3d 93, 96 (2003). This Court has since overruled this facet of *Emery*, stating in *Greenough v. Farm Bureau Mutual Insurance Co.* that the plain text of § 28-22-104 did not permit prejudgment interest to accrue until payment actually became due under the insurance contract. 142 Idaho at 593, 130 P.3d at 1131 (2006).

Similarly, the plain text of I.C. § 41-1839 is at odds with this Court's prior readings of the statute. Section 41-1839 only permits insureds to collect attorney fees incurred in a civil "action" to recover under an insurance policy. When a court compels arbitration, it often stays litigation as to all parties, regardless of whether they are to participate in the arbitration, to allow these corollary proceedings to be completed. An arbitration is not part of a civil action, but rather a proceeding separate and apart from litigation based on a contract between the parties. Further, there is no language indicating that § 41-1839 is meant to imply a provision for arbitration attorney fees into every insurance policy. *Emery* was therefore manifestly incorrect in holding the contrary. To the extent that *Emery* implied into insurance policies a provision granting insureds arbitration attorney fees, it is expressly overruled.

For the same reason, § 12-120(3) does not mandate awards for attorney fees incurred in arbitration. Like § 41-1839, this statute only entitles the prevailing party to attorney fees in a

"civil action," not in arbitration. I.C. § 12-120(3). On its own, § 12-120(3) cannot serve as a basis for arbitration attorney fees even if the UAA did not already bar such fees. I.C. § 7-910.

**B.     The District Court Was Within Its Discretion in Awarding Only a Portion of Pre-Arbitration Attorney Fees**

The Harneses next contend that I.C. § 12-120(3) mandates that they receive all the fees they incurred in compelling arbitration.[3]

While the UAA has provisions applicable to attorney fees incurred during and after arbitration, it is silent as to the litigation preceding arbitration. *See* I.C. § 7-910 (prohibiting fees incurred during arbitration); *Driver v. SI Corp.*, 139 Idaho 423, 429–30, 80 P.3d 1024, 1030–31 (holding that § 7-914 of the UAA governs post-arbitration fees). As previously stated, I.C. § 12-120(3) entitles the prevailing party to reasonable attorney fees for any civil action in a commercial transaction. I.C. §12-120(3); *City of McCall v. Buxton*, 146 Idaho 656, 664, 201 P.3d 629, 637 (2009). "[W]hether a statute awarding attorney's fees applies to a given set of facts is a question of law." *Ransom v. Topaz Mktg.*, 143 Idaho 641, 644, 152 P.3d 2, 5 (2006). However, setting a "reasonable" attorney fee is left to the discretion of the trial court. I.R.C.P. 54(e)(3); *Johannsen v. Utterbeck*, 146 Idaho 423, 432, 196 P.3d 341, 350 (2008). The standard of review "is whether the court perceived the issue as one of discretion, acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it, and reached its decision by an exercise of reason." *Read v. Harvey*, 147 Idaho 364, ---, 209 P.3d 661, 666 (2009).

Of course, the litigation that took place prior to arbitration was a "civil action" because Grease Spot had filed a complaint for breach of contract against the Harneses. *Lowery v. Bd. of County Comm'rs*, 117 Idaho 1079, 1082, 793 P.2d 1251, 1254 (1990) (citing I.R.C.P. 3(a)). It became apparent that the Harneses were the "prevailing party" for purposes of receiving attorney fees once they prevailed in compelling arbitration, thereby terminating consideration of the merits of the action. *See* I.C. § 12-120(3). The district court below awarded attorney fees to the Harneses for only the work it attributed to compelling arbitration, not to defending the merits of the case itself, which as explained above, was work that belonged in arbitration and was not compensable. The Harneses offer no explanation for why the district court exceeded the boundaries of its discretion in awarding only some of the fees they incurred before arbitration.

---

[3] Grease Spot does not cross-appeal the district court's actual authority to award pre-arbitration attorney fees under I.C. § 12-120(3).

6

The court granted a reasonable fee to compensate the Harneses for attorney time incurred in compelling the arbitration. Accordingly, the district court's decision awarding some of the Harneses' requested fees is affirmed.[4]

**C.    The District Court Was Within Its Discretion in Denying Attorney Fees Incurred in Confirming the Award.**

The Harneses also contend that since I.C. § 12-120(3) mandates attorney fees for the prevailing party in all commercial transaction cases, the district court erred by refusing to grant attorney fees for the bare act of confirming the arbitration award and for the actions they took in securing attorney fees after the confirmation.

The UAA's specific provisions relating to attorney fees control this issue, not I.C. § 12-120. As previously stated, I.C. § 12-120(3) entitles the prevailing party to reasonable attorney fees for the litigation components of arbitrated disputes that involve a "commercial transaction." I.C. §12-120(3); *City of McCall v. Buxton*, 146 Idaho 656, 664, 201 P.3d 629, 637 (2009). By comparison, § 7-914 of the UAA governs when the district court grants an order "confirming, modifying or correcting" an arbitration award. I.C. § 7-914 (emphasis added).[5] In *Driver v. SI Corp.*, this Court acknowledged that I.C. §12-120(3) requires attorney fees in commercial transactions, but stated that I.C. § 7-914 controls because it specifically applies to arbitrations. *See Driver v. SI Corp.*, 139 Idaho 423, 429, 80 P.3d 1024, 1030 (citing *Owen v. Burcham*, 100 Idaho 441, 444, 599 P.2d 1012, 1015 (1979)); *cf. Moore v. Omnicare, Inc.*, 141 Idaho 809, 817–18, 118 P.3d 141, 149–50 ("[A] general entitlement to an award of attorney's fees under I.C. § 12-120 will not override a valid agreement between parties which limits the dollar amount that may be claimed or awarded.").

Unlike § 12-120, the UAA provision on its face conveys discretion to the district court in awarding attorney fees, stating that costs and disbursements of the confirmation proceeding "*may*

---

[4] The Harneses also misread this Court's recent decision in *Deelstra v. Hagler*, 145 Idaho 922, 188 P.3d 864 (2008), arguing that *Deelstra* entitles them to pre-arbitration fees because that ruling affirmed an award for both pre- and post-arbitration fees. This argument ignores the fact that the appellant in that case challenged only an award for attorney fees incurred during arbitration, not the district court's prevailing-party determination or fee awards for work done outside the arbitration. *Id.* at 924, 188 P.3d at 866. *Deelstra* simply does not create an entitlement to attorney fees outside of arbitration.

[5] Idaho Code § 7-914 provides:

> Upon the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree. Costs of the application and of the proceedings subsequent thereto, and disbursements may be awarded by the court.

7

be awarded by the court." I.C. § 7-914. *Driver* thus expressly held that post-arbitration attorney fees are awardable "in the discretion of the district court for fees incurred in the district court proceeding." *Id.* at 430, 80 P.3d at 1031; *see also Deelstra*, 145 Idaho at 925, 188 P.3d at 867 (stating that fee awards outside of arbitration are matters "for the district court").

Leaving post-arbitration fee awards in the discretion of the district court aligns Idaho with other states that have adopted the UAA. The UAA is to be interpreted "to make uniform the law of those states which enact it." I.C. § 7-921. The general consensus among other state appellate courts in interpreting their respective § 7-914 counterparts is that the district court may award confirmation fees in its discretion. *See Canon Sch. Dist. No. 50 v. W.E.S. Const. Co.*, 882 P.2d 1274, 1279–80 (Ariz. 1994) (en banc) (holding that "the confirming court may, where appropriate, award attorney's fees" and that a general fee-shifting statute did not control over the specific UAA provision); *Rogers & Theobald L.L.P. v. Phonejockey*, No. 1 CA-CV 05-0753, 2008 WL 3916016, at *6 (Ariz Ct. App. 2008) (reviewing for an abuse of discretion); *County of Clark v. Blanchard Const. Co.*, 653 P.2d 1217, 1220 (Nev. 1982) (same); *Wachtel v. Shoney's, Inc.*, 830 S.W.2d 905, 910 (Tenn. Ct. App. 1991) (same); *cf. Greenfeld v. Caesar's Atlantic City Hotel/Casino*, 756 A.2d 1096, 1102 (N.J. Super. Ct. Law Div. 2000) (holding that a general rule requiring the court to award costs to the prevailing party does not apply to arbitration confirmation proceedings).

It was within the district court's discretion to deny fees for the confirmation proceedings. The standard of review "is whether the court perceived the issue as one of discretion, acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it, and reached its decision by an exercise of reason." *Read v. Harvey*, 147 Idaho 364, ---, 209 P.3d 661, 666 (2009). As the district court observed, confirmation proceedings are ordinarily summary affairs that require little time, effort, or mental exertion, and for which at most only a small fee could be charged. The court must confirm the award unless one of the parties affirmatively resists. I.C. § 7-911. Since parties that choose to confirm their arbitration awards do so in order to obtain a judgment, a fee award for their efforts is not always necessary to promote "the public policy of encouraging early payment of valid arbitration awards" or to discourage "nonmeritorious protracted confirmation challenges." *Driver*, 139 Idaho at 430, 80 P.3d at 1031 (citing *Canon Sch. Dist.*, 882 P.2d at 1279). The district court could therefore rightfully deny a fee award where the losing party does not resist

the confirmation, although it could award fees where the non-prevailing party unjustifiably acts to prolong the litigation by unsuccessfully contesting the confirmation of the award. Grease Spot did not resist the confirmation and only challenged the Harneses' request for attorney fees, so the attorney fees the Harneses incurred after the district court confirmed the arbitration were largely unsuccessful attempts to recover more attorney fees. Thus, the district court did not abuse its discretion when it denied attorney fees subsequent to arbitration.

**D. The Harneses Are Not Entitled to Attorney Fees on Appeal Because They Are Not the Prevailing Party**

The prevailing party in a commercial transaction suit is entitled to attorney fees on appeal. I.C. § 12-120(3); *In re Ryder*, 141 Idaho 918, 929, 120 P.3d 736, 747 (2005). Since the Harneses fail on all of their claims, they are not entitled to fees on appeal.

## VI. CONCLUSION

This Court affirms the district court's partial award of attorney fees incurred before arbitration and its denial of attorney fees incurred during and after arbitration. The Harneses' request for attorney fees on appeal is denied. Costs to respondents.

Chief Justice EISMANN, Justices BURDICK, J. JONES and HORTON, **CONCUR.**