# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 46126

WADSWORTH REESE, PLLC, an Idaho professional corporation; CLARK A. REESE CPA P.C., an Idaho professional corporation; and WADSWORTH ACCOUNTING CPA, an Idaho professional corporation,

    Plaintiffs-Counterdefendants-Respondents,

v.

SIDDOWAY & COMPANY, PC, an Idaho professional corporation; RANDY SIDDOWAY, an individual,

    Defendants--Counterclaimants-Appellants.

_____

SIDDOWAY & COMPANY, PC, an Idaho professional corporation; RANDY SIDDOWAY, an individual,

    Counterclaimants-Appellants,

v.

FREDERICK WADSWORTH, an individual; and CLARK A. REESE, an individual,

    Counterdefendants-Respondents.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
.

Boise, May 2019 Term

Filed: July 25, 2019

Karel A. Lehrman, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Jason D. Scott, District Judge.

The district court's judgment is affirmed.

Hastings Law Group, LLC, Salt Lake City, for appellants. Brett W. Hastings argued.

Fisher & Hudson, Boise, for respondents. Vaughn Fisher argued.

_____

1

BRODY, Justice.

This appeal arises from the division of a three-member accounting firm, Siddoway, Wadsworth & Reese, PLLC. The three members of the firm were the personal professional corporations solely owned by each accountant. In early 2015, Reese PC signed a purchase agreement to buy a one-half interest in the client base of Siddoway PC for $200,000. This purchase agreement included an arbitration clause.

In August of 2015, Siddoway left the accounting firm, taking several employees and the clients' information with him. Following Siddoway's departure, the firm (now named Wadsworth Reese, PLLC), along with its remaining members, filed a complaint in the district court against Siddoway and his personal professional corporation and two of the employees who followed him. Siddoway counterclaimed. The parties brought a range of claims.

Reese PC and Siddoway PC also went to arbitration for claims related to their purchase agreement, but the arbitrator determined the purchase agreement was void for failure of a condition subsequent.

The remaining claims between the parties were tried by the district court. The district court entered findings of fact and conclusions of law, ultimately deciding to "leave the parties where it found them." This included the following final determinations pertinent to this appeal: the district court ordered dissociation of Siddoway's personal professional corporation as a firm member; Siddoway and Siddoway PC were not entitled to attorney fees for compelling arbitration; Siddoway PC failed to show unjust enrichment from the void purchase agreement; and the firm could fund Reese's personal professional corporation's litigation and arbitration costs because resolving the purchase-agreement dispute served a legitimate business purpose. Siddoway and Siddoway PC timely appealed.

We affirm the district court's judgment. Siddoway and Siddoway PC were not entitled to attorney fees for compelling arbitration, nor did they show unjust enrichment or breach of membership duties.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Clark Reese, Frederick Wadsworth, and Randy Siddoway are each certified public accountants with their own professional corporation (respectively, Reese PC, Wadsworth PC, and Siddoway PC). In 2012, Reese became an employee of Siddoway PC. Following the death of Steve Harding, one of Siddoway's former accounting partners, Siddoway and Reese began

2

discussing becoming partners on terms that Reese would purchase a one-half interest in Siddoway's practice. This term was to balance out the client base each accountant would bring to the new firm—Siddoway brought about 450 clients while Reese brought less than ten clients from his previous positions.

On December 20, 2013, Reese and Siddoway formed CRS Services, PLLC. A month later, they changed the accounting firm's name to Siddoway, Wadsworth & Reese to reflect the addition of a third accountant, Frederick Wadsworth. About that same time, Siddoway, Wadsworth & Reese (hereinafter Wadsworth Reese PLLC to reflect its current title) obtained the Harding client base. That purchase agreement between Wadsworth Reese PLLC (then named CRS) and Harding & Co., P.A., contained a five-year non-competition provision.

Siddoway PC, Reese PC, and Wadsworth PC signed the Siddoway Wadsworth Reese operating agreement on January 6, 2014, which gave each member a one-third membership interest in the firm. The operating agreement did not include a non-competition clause. However, the operating agreement appears to have been intended as a temporary document because the three members had yet to decide all the terms under which they would do business together.

A year later, on January 28, 2015, Siddoway PC and Reese PC signed "the Reese Agreement" in which Reese PC promised to pay Siddoway PC $200,000 for a one-half interest in Siddoway's client base. Reese PC signed an associated promissory note for $200,000, while Reese signed guaranties to both the Reese Agreement and promissory note. Reese PC agreed to pay the $200,000 in monthly payments over the next four years. The Reese Agreement contained a non-competition clause, an agreement to arbitrate, and a provision that awarded "the prevailing party" attorney fees following legal action.

Right on the heels of Siddoway PC and Reese PC signing the Reese Agreement, the three individual accountants all signed a modification of the Reese Agreement that required the three members of Wadsworth Reese PLLC to agree to amend the operating agreement to finally settle the terms under which they would do business together by February 15, 2015, or else the Reese Agreement would be void. Despite the three members' failure to reach an agreement by the February 15 deadline, Reese PC continued to make payments to Siddoway PC under the Reese Agreement. Ultimately, Reese PC paid approximately $28,000 to Siddoway PC. Siddoway PC had transferred numerous clients to Wadsworth Reese PLLC, and Reese became the accountant

3

for hundreds of those clients, based both on his capacity to take on the work as well as Siddoway's referrals to Reese.

In 2015, Siddoway's relationship with both Reese and Wadsworth broke down, causing the parties to discuss buyout options and begin negotiations on how Siddoway PC would exit Wadsworth Reese PLLC. The parties never agreed upon terms. On August 21, 2015, Siddoway announced he was leaving the firm. As Siddoway left Wadsworth Reese PLLC he took several employees with him, including his nephew Dustin Siddoway and administrative employee Jeanine Barkan. On the day he announced his departure, Siddoway also downloaded Wadsworth Reese PLLC's UltraTax files, which contained the firm's clients' names, addresses, tax information, and any work in progress. Siddoway then sent a list of Wadsworth Reese PLLC's clients to Dustin Siddoway.

Immediately after leaving Wadsworth Reese PLLC, Dustin Siddoway formed the accounting firm AnchorPoint, PLLC, while Barkan formed an LLC now called PoleStar Entrepreneurial Group. Their goal was to create complementary businesses with an overlapping clientele. Siddoway's departure ultimately resulted in a "mass migration" of over 200 clients to AnchorPoint. About 60 percent of the Harding client base remained at Wadsworth Reese PLLC. During this time, Dustin Siddoway also met twice with Reese and Wadsworth "to resolve difficulties arising from the company's breakup" and to obtain tax data for certain clients. Siddoway PC and AnchorPoint seem to have remained separated due to concerns over a non-competition provision in the agreement Wadsworth Reese PLLC used to purchase the Harding client base. AnchorPoint and Siddoway PC remain separate entities.

On December 14, 2015, Wadsworth Reese PLLC, Reese PC, and Wadsworth PC, collectively sued Siddoway and Siddoway PC, alleging trade secrets violations, breach of the operating agreement, breach of fiduciary duties, and interference with prospective business advantage, amongst other claims. In addition, the plaintiffs requested a judicial order to dissociate Siddoway from Wadsworth Reese PLLC. Reese PC also sought $28,000 in damages, plus interest, for the amount paid to Siddoway PC under the Reese Agreement. Siddoway and Siddoway PC counterclaimed, alleging breach of the operating agreement, violations of Idaho Code section 30-6-404 for failing to make distributions in equal shares, and misappropriated funds, as well as other business-related claims. Siddoway also requested a judicial dissolution of Wadsworth Reese PLLC.

On February 12, 2016, Siddoway and Siddoway PC filed a motion to compel arbitration on claims relating to the Reese Agreement, and the district court granted the motion. Reese and Reese PC asked the district court to stay the arbitration, but the district court denied and granted the stay in part: it found that the claims against Reese were not arbitrable while the claims against Reese PC were. At arbitration, the arbitrator ruled that the Reese Agreement was void for failure of a condition subsequent. Following both of the court rulings to compel arbitration and stay the proceedings, Siddoway and Siddoway PC requested attorney fees incurred in compelling the arbitration. The district court denied those motions, finding them premature because the prevailing party could not yet be determined. The court then dismissed Siddoway's claim for breach of the Reese Agreement, with prejudice, and deferred ruling on fees and costs consequent to this ruling until after judgment was rendered on the remaining claims.

After arbitration, Reese PC and Wadsworth PC voted in October 2015 for Wadsworth Reese PLLC to pay for Reese's separate legal representation in the litigation and arbitration over the Reese Agreement. Both Reese and Wadsworth later testified that their respective PCs voted this way because they were concerned about settling ownership of the firm. They were especially concerned about Siddoway claiming a majority interest if the Reese Agreement failed. Both Reese and Wadsworth were also concerned about the firm's potential liability for debts and the obligations to creditors as the firm struggled to maintain revenue. Siddoway and Siddoway PC opposed this expenditure, arguing it was inappropriate.

The district court held a five-day bench trial. Following the trial, the district court dissociated Siddoway PC as a member of Wadsworth Reese PLLC and did not award further relief to any party. The district court also determined that Siddoway PC failed to show unjust enrichment from the void purchase agreement. In summary, the district court decided to "leave the parties where it found them." Two weeks later, Siddoway and Siddoway PC filed a motion to alter or amend the judgment, arguing that Wadsworth Reese PLLC did not have a legitimate business purpose to pay for Reese PC's litigation and arbitration expenses against Siddoway. Siddoway also revived its previous requests for attorney fees incurred in compelling arbitration under the Reese Agreement. The district court denied all requested relief, finding Siddoway's arguments lacked merit and that it was not the prevailing party. Siddoway and Siddoway PC timely appealed.

5

## II.    ANALYSIS

Siddoway and Siddoway PC challenge several of the district court's conclusions of law. We will address each issue and its applicable standard of review in turn.

### A. The district court did not abuse its discretion by declining to award Siddoway fees and costs related to the arbitration litigation.

Siddoway and Siddoway PC contend that the district court committed reversible error in deciding that Siddoway was not the "prevailing party" entitled to attorney fees where they successfully compelled arbitration for claims under the Reese Agreement. The Siddoway parties' contention breaks into two distinct arguments: (1) that they were the prevailing parties and are entitled attorney fees under the contractual language; and (2) that the district court lacked jurisdiction to consider the Reese parties' motion to stay arbitration. We reject these arguments.

#### 1. Attorney fees

The determination of whether a party prevailed for purposes of an attorney fee award is a discretionary decision of the trial court. *See Israel v. Leachman*, 139 Idaho 24, 26, 72 P.3d 864, 866 (2003). Accordingly, this Court reviews the district court's determination to deny attorney fees for an abuse of discretion. *Id.* As long as the court correctly perceived the issue as one of discretion, acted within the outer boundaries of its discretion, acted consistently with the legal standards applicable to the specific choices available to it, and reached its decision by the exercise of reason, we will not disturb the decision on appeal. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

The arbitrator ruled that the Reese Agreement was void. Void contracts "are deemed never to have existed in the eyes of the law." *Syringa Networks, LLC v. Idaho Dep't of Admin.*, 159 Idaho 813, 367 P.3d 208, 222 (2016). Thus, parties generally cannot benefit from a contractual attorney fees provision or statute where the contract is illegal or void. *Kosmann v. Gilbride*, 161 Idaho 363, 367, 386 P.3d 504, 508 (2016); *Trees v. Kersey*, 138 Idaho 3, 12, 56 P.3d 765, 774 (2002). The limited exception to this rule lies in *O'Connor v. Harger Construction, Inc.*, where we stated that "[a] party may be entitled to attorney's fees under a contract even if it is established that no contract between the parties ever existed." 145 Idaho 904, 912, 188 P.3d 846, 854 (2008). *O'Connor*, however, made that determination when examining a contract containing a severability clause that allowed the unenforceable provisions to be severed from the remainder of the contract which contained an attorney fee provision. *Id.*

6

Nevertheless, the Siddoway parties maintain that they are the prevailing parties for attorney fee purposes because they compelled arbitration and the Reese Agreement provides a fee award for enforcing its terms even though the arbitrator determined the contract was void. We disagree. The exact language of the attorney fee provision in the Reese Agreement reads: "Should either party be required to commence legal action to enforce any of the terms of this Agreement, the prevailing party in such litigation shall be entitled to an award of reasonable attorneys fees and costs from the other party." Idaho Rule of Civil Procedure 54(d)(1)(B) guides our "prevailing party" analysis. It states: "In determining which party to an action is a prevailing party and entitled to costs, the trial court must, in its sound discretion, consider the final judgment or result of the action in relation to the relief sought by the respective parties." I.R.C.P. 54(d)(1)(B).

Siddoway's argument that it is a prevailing party because it compelled arbitration rests almost entirely on our decision in *Grease Spot, Inc. v. Harnes*, 148 Idaho 582, 226 P.3d 524 (2010). In that case, Grease Spot filed a complaint against the defendants, alleging violations of a purchase agreement. *Id.* at 583, 226 P.3d at 526. After the defendants won a motion to compel arbitration, the arbitrator dismissed all of Grease Spot's claims against the defendants and they obtained an order confirming the arbitration award and judgment on the arbitration was entered in their favor. *Id.* at 583–84, 226 P.3d at 525–26.

This Court affirmed the district court's decision to award attorney fees for successfully compelling arbitration, noting the defendants were "the 'prevailing party' for purposes of receiving attorney fees once they prevailed in compelling arbitration, thereby terminating consideration of the merits of the action." *Id.* at 586, 226 P.3d at 528. However, Siddoway's circumstances differ greatly from the defendants in *Grease Spot*. The *Grease Spot* defendants were prevailing parties not simply because they compelled arbitration, but because they compelled arbitration on *all* claims and subsequently won at arbitration. This is an important distinction. Our decision in *Grease Spot* did not solely recognize the defendants' victory of a motion to compel arbitration, but the defendants' victory at "terminating consideration of the merits of the action." *Id.* That is the opposite of Siddoway's position.

While the district court granted the Siddoway parties' motion to compel, the arbitrator ultimately determined that the entire Reese Agreement was void for failure of a condition subsequent. The Siddoway parties subsequently lost their claims in arbitration as well as every

7

counterclaim before the district court. Their only success concerning the Reese Agreement was in arguing the arbitrability of claims against Reese PC. The district court determined that one successful motion was "nowhere near enough success to make them prevailing parties." We agree. The district court correctly focused on the final judgment and result of the action—specifically in the arbitration proceedings—as required by Idaho Rule of Civil Procedure 54(d)(1)(B). There was no abuse of discretion.

## 2. Jurisdiction

Next, Siddoway and Siddoway PC contend that the district court lacked jurisdiction to consider Reese PC's motion to stay arbitration. There are two main arguments Siddoway raises within this procedural context: (a) the district court erred in considering Reese PC's motion to stay arbitration because the court lacked jurisdiction at that time; and (b) the district court erred in granting Reese's motion to stay arbitration because Reese, in his personal capacity, was bound to the arbitration agreement. Even if we were inclined to overlook the fact that these arguments were not raised in the district court and that Siddoway cites to no case law, statutes, or rules for the basis of his contentions (with the sole exception of a quick recap on the importance of res judicata), we will not take up the jurisdictional issues because they are moot.

"An issue is moot if it 'does not present a real and substantial controversy that is capable of being concluded through judicial decree of specific relief' or if 'a favorable judicial decision would not result in any relief or the party lacks a legally cognizable interest in the outcome.'" *State v. Abdullah*, 158 Idaho 386, 462, 348 P.3d 1, 77 (2015) (quoting *Arambarri v. Armstrong,* 152 Idaho 734, 739, 274 P.3d 1249, 1254 (2012) (citations omitted)). Analyzing now whether the district court had jurisdiction to take up the motions to stay arbitration is an academic exercise that fails to address a real controversy and cannot afford relief to either side. The arbitrator concluded that the Reese Agreement was void. This Court's determination of either the lack of, or presence of, jurisdiction to stay the proceeding will not alter that conclusion, nor would it change the outcome on whether Siddoway and Siddoway PC were prevailing parties for an award of attorney fees.

## B. There was substantial and competent evidence that Wadsworth Reese PLLC had a legitimate business purpose to pay legal fees to dissociate Siddoway.

The Siddoway parties next contend that Wadsworth Reese PLLC lacked a legitimate business purpose to pay plaintiffs' legal fees, including Reese and Reese PC's separate litigation

and arbitration costs. While unstated in these terms, the Siddoway parties seem to contest the competence of the evidence before the district court. In addition, the Siddoway parties argue that the district court failed to identify this case as a derivative action.

The district court's determination of a "legitimate business purpose" ties closely with questions of good faith, fiduciary duties, and members' duties under the operating agreement, including the finding of whether the attorney fees were distributions or transfers to a non-member third party. Because determining whether a fiduciary breached his duty is a question of fact, this Court will not disturb the district court's findings as long as there was substantial and competent evidence supporting them. *Prehn v. Hodge*, 161 Idaho 321, 328, 385 P.3d 876, 883 (2016). We conclude that there was substantial and competent evidence to support the district court's findings.

### 1. This litigation was not a derivative or a direct action.

A derivative action occurs where a member of a limited liability company brings a claim to enforce the company's rights, while a direct action is brought by a member to assert the member's rights. I.C. §§ 30-25-801 to 802. Both of these actions are brought by a member of the LLC, rather than the LLC itself. *See id.* However, this action was brought by the firm, not a member asserting the member's or the firm's rights. As noted by the district court, the presence of Reese PC and Wadsworth PC on the plaintiff's side was simply superfluous; the clear basis of the litigation has been Wadsworth Reese PLLC's pursuit of its rights. Thus, this action does not fall into the definition of either a derivative or direct action as Siddoway contends.

### 2. Payments to Wadsworth Reese PLLC's legal counsel were not distributions.

Siddoway and Siddoway PC contend that the payment of legal fees for this litigation and appeal constitute "disproportionate distributions to Reese and Wadsworth and a breach of the utmost fiduciary duties owed by Reese and Wadsworth to Siddoway." The district court found that the payments were not a distribution under the operating agreement and that Siddoway was not entitled to a proportionate payment. Instead, paying the legal fees was a legitimate business purpose to solve the ownership disputes. We agree.

The operating agreement defined "distribution" as "a transfer of property to a Member on account of a Membership Interest as described in Article IX herein." In addition, under Idaho Code section 30-25-409, managing members of a limited liability company owe specific duties of loyalty and care to their company, including "refrain[ing] from engaging in grossly negligent

9

or reckless conduct, willful or intentional misconduct, or knowing violation of law." I.C. § 30-25-409(c). Under the earlier version of the act, each member owed a duty of care to the firm "to act with the care that a person in a like position would reasonably exercise under similar circumstances and in a manner the member reasonably believes to be in the best interests of the company." Law of January 6, 2014, I.C. § 30-6-409(3), repealed by S.L. 2015, ch. 243, § 2, as amended by S.L. 2015, ch. 337, §4.

First, the district court determined that the payments to Wadsworth Reese PLLC's legal counsel were not "distributions" under the operating agreement because the legal counsel was not a member of Wadsworth Reese PLLC and the payments were not made because of Wadsworth PC and Reese PC owning a membership interest. Instead, the payments were transfers of property to a non-member third party to resolve disputes amongst the firm's members. The operating agreement plainly defines distribution as a payment "to a Member on account of a Membership Interest." As the district court correctly concluded, the legal counsel was not a member nor did they receive payments on account of a membership interest. As such, Siddoway is not entitled to an equal distribution.

Second, the district court concluded that the firm decided to pay Wadsworth Reese PLLC's counsel because of the company's perceived need to address and resolve disputes between the parties. While Siddoway argues that the district court relied only on Reese's testimony at trial, the district court based its conclusion on a range of substantial and competent evidence, including testimony from Reese, Wadsworth, and Siddoway that Siddoway PC might assert a two-thirds interest in the firm if the Reese Agreement failed, as well as additional testimony that the firm was struggling with cash inflow and had growing concerns about obligations to creditors. In addition, the district court concluded that the plaintiffs' vindicated claims demonstrate good faith. Wadsworth Reese PLLC won its claim in proving that Reese owned a one-third interest in the firm under the operating agreement and that the Reese Agreement was void overall. Altogether, the district court's determination was based on relevant evidence that a reasonable mind would accept to support its conclusion.

Undoubtedly, Reese PC's vote for the firm to pay its attorney fees was laced with self-interest. However, "[a] member does not violate a duty or obligation under this chapter or under the operating agreement solely because the member's conduct furthers the member's own interest." I.C. § 30-25-409(e). Likewise, the district court concluded that the evidence did not

indicate bad faith from Reese PC or Wadsworth PC in wanting to settle the questions of ownership. These were important issues for the firm to resolve for the owning members, clients, and creditors. The firm's vote to pay the litigation expenses—even for Reese and Reese PC in their separate arbitration and litigation proceedings—was an apposite decision in these circumstances and the district court reached that conclusion based on substantial and competent evidence.

### C. The district court did not abuse its discretion in determining that neither Siddoway PC nor Reese PC were unjustly enriched.

The Siddoway parties' final contention is that the district court erred in denying them recovery for unjust enrichment in the Reese Agreement, because Reese PC obtained the benefits of a one-third membership interest in Wadsworth Reese PLLC. The district court determined that neither Reese PC nor Siddoway PC were unjustly enriched. We agree.

Unjust enrichment "is the measure of recovery under a contract implied in law." *Barry v. Pac. W. Const., Inc.*, 140 Idaho 827, 834, 103 P.3d 440, 447 (2004). This quasi-contract "is not a contract at all, but an obligation imposed by law for the purpose of bringing about justice and equity without reference to the intent of the agreement of the parties, and, in some cases, in spite of an agreement between the parties." *Continental Forest Prod., Inc. v. Chandler Supply Co.*, 95 Idaho 739, 518 P.2d 1201 (1974). Unjust enrichment occurs where (1) the plaintiff confers a benefit on the defendant; (2) the defendant appreciates the benefit; and (3) the defendant's acceptance of the benefit is inequitable without payment to the plaintiff for the benefit's value. *Countrywide Home Loans, Inc. v. Sheets*, 160 Idaho 268, 272, 371 P.3d 322, 326 (2016). Because this Court reviews rulings on equitable remedies for an abuse of discretion, the four-part abuse of discretion analysis applies here:

> Whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.

*Lunneborg*, 163 Idaho at 863, 421 P.3d at 194. While Siddoway and Siddoway PC argue that the district court's conclusion was arbitrary and unsupported, we conclude that the district court properly reached its decision by an exercise of reason.

Both sides conferred a benefit on the other: Reese PC conferred a benefit of $28,000 to Siddoway PC, which conferred a benefit of one-half of Siddoway PC's client base to Reese PC.

11

Reese PC's benefit also appreciated as he served the client base. Consequently, the key inquiry is whether the Siddoway parties proved that Reese PC's acceptance of the client base was inequitable with the $28,000 benefit Reese PC paid to Siddoway PC. This they failed to do. Once again, Siddoway failed to state the correct standard of review but it appears to be arguing against the reasonableness of the district court's decision in leaving the parties where it found them.

First, Siddoway PC fails in its old argument that it bestowed a benefit of a one-third interest in the firm through the Reese Agreement rather than just an interest in the Siddoway PC client base. Reese PC obtained its one-third interest in Wadsworth Reese PLLC from the firm's operating agreement, which was signed prior to the Reese Agreement and expressly gave Reese PC an equal membership interest alongside Siddoway PC and Wadsworth PC. Thus, Reese PC could not be unjustly enriched by its one-third membership interest.

Second, the Siddoway parties' main evidence of unjust enrichment stems from the assertion that Reese is enjoying the benefit of many clients that previously belonged to Siddoway PC. As for exact monetary calculations on the value of the client base, the district court calculated that Reese PC retained an excess benefit of about $21,358.50 in the following factual analysis:

> The total amount Wadsworth Reese collected from former Siddoway PC clients in 2016 was $123,397 (rounded to the nearest dollar). This total includes payments for services rendered by Wadsworth Reese not only in 2016 but also in 2014 and 2015, but the record doesn't show the degree to which it is attributable to services rendered before the Siddoway Parties cut ties with Wadsworth Reese in August 2015, or instead to services rendered after the cutting of ties. In any event, Siddoway PC contends Reese PC derived a benefit equal to 80% of $123,397, or $98,717.60, from this revenue. It isn't clear what the 80% factor deducts for, but it is clear that it comes from the formula to which Reese PC and Siddoway PC agreed in setting the $200,000 price under the Reese Agreement for Reese PC to purchase a one-half interest in Siddoway PC's established client base. That formula also contained a second adjustment, by which the result after application of the 80% factor was reduced by another 50%, given that Reese PC was buying only a one-half interest in Siddoway PC's established client base. For reasons they don't explain, the Siddoway Parties don't apply this 50% factor here. Perhaps that's because, by 2016, they had cut ties with Wadsworth Reese and were no longer benefiting from the revenue Wadsworth Reese generated by serving the Siddoway PC client base, to whatever extent those clients remained with Wadsworth Reese. But Reese PC undeniably shared the benefit of that revenue equally with Wadsworth PC—both received identical monthly management fees, and neither received any profit distributions—so Reese PC garnered no more than half the benefit. Consequently, the Siddoway Parties'

12

$98,717.60 figure would have to be reduced by 50% to account for Wadsworth PC's share of the benefit. This leaves $49,358.80—only $21,358.50 more than the $28,000 Reese PC paid to Siddoway PC under the Reese Agreement.

Despite this excess amount, the district court found several factors significant to support its conclusion that Reese PC was not unjustly enriched. First, the evidence from trial suggested that while "Siddoway PC brought more clients into the venture, Reese PC likely performed much more of the work necessary to service them." Second, the district court also found ample evidence that Reese PC's contributions to the firm ensured the equal compensation of monthly management fees to each member—a contribution of efforts that Siddoway PC likely did not provide to the firm. Third, Siddoway PC's early departure and efforts to send many clients to AnchorPoint deprived Reese PC of the full benefit of the bargain and made assessment of the clients' value difficult. Ultimately, these factors combined to suggest Reese PC was not unjustly enriched. With both parties failing to perform their end of the Reese Agreement, depriving both sides of the full benefits of the bargain, neither Reese PC nor Siddoway PC was unjustly enriched. Leaving the parties to their pre-litigation position was reasonable, not unjust or an abuse of discretion.

### D. Wadsworth Reese PLLC is entitled to attorney fees on appeal.

Both appellants and respondents request attorney fees on appeal under Idaho Code section 12-120(3). It states:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

I.C. § 12-120(3). The gravamen of the underlying transaction was commercial in nature. Thus, because Wadsworth Reese PLLC is the prevailing party on this appeal, it is entitled to attorney fees.

## III. CONCLUSION

We affirm the district court's judgment and award attorney fees and costs on appeal to respondents.

Chief Justice BURDICK, and Justices BEVAN, STEGNER, and MOELLER CONCUR.

13